599 A.2d 304

**Diana ANDROMALOS–DALE, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (US AIR, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 1991.

Decided Nov. 18, 1991.

Timothy Conboy, for petitioner.

John M. Cerilli, for respondent.

Before CRAIG, President Judge, BYER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

This case comes before us on an appeal from an order of the Workmen's Compensation Appeal Board affirming the referee's grant of a modification petition filed by US Air, Inc. (Employer). We affirm.[1]

The facts as found by the referee are as follows. Diana Andromalos–Dale (Claimant) was employed as a flight attendant by Employer since 1969. On August 30, 1984, Claimant suffered a back injury during the course of her employment. The injury rendered Claimant disabled and she began receiving workmen's compensation benefits in the amount of $320 per week, based on average weekly wages of $664.35. Claimant was examined on November 25, 1987, by Dr. Richard P. Durning, who found that she was capable of performing sedentary to medium work. Shortly thereafter on May 24, 1988, a rehabilitation counselor forwarded a list of job descriptions to the Claimant. That list was approved by Claimant's physician, Dr. Liang, on June 24, 1988. The Claimant failed to follow up on any of the job leads because they did not interest her and were not what she wanted or expected.

In her testimony, the Claimant complained that the rehabilitation counselor never advised her that she could lose her compensation benefits if she failed to follow up on job leads which were within her physical capabilities. The referee found, however, that the rehabilitation counselor acted in a professional and responsible manner in her attempts to obtain employment for the Claimant and that the

1. This case was scheduled for argument on October 11, 1991. The Petitioner failed to appear for the oral argument because of an inadvertent error. The Court, however, heard the argument of Employer's counsel. Since the Petitioner's counsel's excellent brief adequately states his client's position, the Petitioner's Petition for Relisting of the case for oral argument is hereby denied.

Claimant was not a credible witness. The referee also found expressly that the rehabilitation counselor's testimony was credible.

At the January 20, 1989 hearing, Claimant had admitted that she had accepted a position with Allegheny Community College beginning January 23, 1989 to teach first aid and athletic training. At the July 18, 1989 hearing, Claimant admitted that she also taught CPR and first aid in the summer and was scheduled to teach fall classes for seven hours a week.

The referee found that the Claimant's physical condition changed from total disability to partial disability on June 24, 1988, the date on which Dr. Liang approved the job list prepared by the rehabilitation counselor, and that the Claimant was aware that she had been given medical clearance for the positions. Consequently, the referee granted the petition for modification.

The issues raised in this appeal are: 1) whether a rehabilitation counselor has a legal duty to advise a claimant who is not represented by counsel that she may lose her compensation if she fails to follow up on job leads; 2) whether the referee's finding that the Claimant had been apprised of her clearance for light duty work was supported by substantial evidence; and 3) whether the referee erred in failing to find that the Employer and its rehabilitation counselor acted in bad faith.

Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *petition for allowance of appeal granted,* 527 Pa. 594, 588 A.2d 915 (1991).

■■■ If there is sufficient relevant evidence in the record as a whole that a reasonable mind might accept as adequate to support a conclusion, the evidence is substan-

tial, and we must endorse the referee's findings. *Id.* In making this determination, we will not engage in reweighing the testimony of contradicting witnesses, nor resolve the issue of which witnesses are more credible. Matters of credibility are for the referee, whom we continue to regard as the ultimate fact-finder. *Id.*

■■■■ Claimant does not cite any legal authority for her contention that rehabilitation counselors should be required to advise a claimant who does not have legal counsel that the failure to follow up on job referrals may jeopardize her benefits. She suggests that such a requirement is merely an extension of the good faith requirements of *Kachinski v. Workmen's Compensation Appeal Board (VEPCO Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). We believe that her reliance on *Kachinski* is unwarranted. In explaining the good faith requirements which underlie the rule regarding refusing available work the Supreme Court explained:

> Obviously, the viability of this system depends on the good faith of the participants. The referrals by the employer must be tailored to the claimant's abilities, ... and be made in a good faith attempt to return the injured employee to productive employment, rather than a mere attempt to avoid paying compensation. By the same token, employees must make a good faith effort to return to the work force when they are able, and their benefits can be modified for failure to follow up on referrals or for willfully sabotaging referrals. If an employee refuses a valid job offer his benefits can also be modified if it is found he had no basis upon which to do so.

*Id.*, 516 Pa. at 252, 532 A.2d at 380 (citations omitted). The good faith requirement is a two-way street; not only must the employer act in good faith to attempt to find the injured employee employment within her limitations, but the claimant must exercise good faith in following up on those referrals.

The disclosure requirement which Claimant advocates presupposes that a claimant will not act in good faith to

follow up on job referrals unless she is threatened with an adverse consequence for failing to do so. *Kachinski* places a good faith burden on the claimant, however, and the claimant who fails to exercise good faith to follow up on job referrals cannot be heard to complain that she did not know adverse consequences would attach.

Moreover, the Board refused to adopt the rule advocated by Claimant because it believed that it would put the rehabilitation counselor in the position of offering legal advice. We agree that Claimant's position asks the rehabilitation counselor to go beyond his or her expertise, and we reject that argument.

■ Claimant's second assignment of error—that the referee's finding that she was aware that she was released to return to work is not supported by substantial evidence—is similarly without merit. The Claimant's own testimony demonstrates that she knew her doctor had approved at least some of the positions which were referred to her. The Claimant testified as follows:

Q. Did you—would it be—let me ask you this. Strike that. Are you familiar with the 12 jobs that Miss Lanyi found for you?

A. Nine of them I am. I don't know.

Q. There are nine that were approved by your doctor?

A. Nine approved by my doctor. Okay.

Q. Do you recall generally what those jobs were?

A. Yes, I do.

Q. Were you—in your own mind, were you able to perform the duties of those jobs?

A. Yes.

Q. The reason that you didn't apply for them again was because—

A. It wasn't what I expected or what I wanted or what I was interested in or what I knew I was capable of.

Notes of Testimony, January 20, 1989, p. 23. This testimony evidences the real reason which Claimant failed to follow up on the job leads and that reason is that she was not interested in the work. There is no merit in her argument

that she was not aware that her doctor had released her for these positions.

Finally, Claimant's argument that the Employer and its rehabilitation counselor acted in bad faith is without merit. Questions regarding the weight and credibility of evidence are reserved for the referee, and we may not engage in substituting our opinions of credibility for the factfinder's. *Bethenergy.* The referee expressly found that the Claimant in this case was not credible, and that the rehabilitation counselor's testimony was credible. The referee further found that the rehabilitation counselor acted in a reasonable and responsible manner, and we may not conclude that the referee was obliged to believe any evidence. For this reason Claimant's final argument must be denied.

Accordingly, we affirm.

## ORDER

AND NOW, this 18th day of November, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

It is further ORDERED that the Petition for Relisting of Oral Argument filed on behalf of Petitioner is hereby denied.