616 A.2d 732

**CONTINENTAL INSURANCE COMPANY**
**and Apollo Metals, Inc., Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL**
**BOARD (Luis ORTIZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1992.

Decided Oct. 20, 1992.

Reargument Denied Dec. 8, 1992.

William H. Fitzgerald and Mary C. Crocker, for petitioners.
Arthur G. Girton, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Apollo Metals, Inc. (Employer) and its worker's compensation insurance carrier, Continental Insurance Company, petition for review of the order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision granting Employer's modification petition alleging that work was available to Luis Ortiz (Claimant) within his physical limitations. The issue raised for review by this Court is whether the Board erred in reversing the referee on the ground that Claimant's medical clearance was not communicated to him before a job referral was made. For the following reasons, the Board's order is reversed.

Claimant was employed by Employer as a polisher on May 14, 1982 when he suffered a work-related injury in the nature of a lumbosacral sprain or strain, after which Claimant received total disability benefits pursuant to a notice of compensation payable. At Employer's request, Claimant was examined on December 18, 1987 by Dr. J. Joseph Danyo, a board-certified orthopedic surgeon. As a result of reviewing Claimant's history, isometric strength testing, and physical examination, Dr. Danyo was of the opinion that Claimant was no longer totally disabled and was capable of performing a "medium job" which Dr. Danyo described as one requiring lifting of up to fifty pounds on occasion and twenty-five pounds frequently. Thereafter, Marilyn Opp, the rehabilitation coordinator for Underwriters Adjusting Company, referred Claimant to several job leads that appeared to be within his physical restrictions. Dr. Danyo reviewed the various job descriptions and approved at least five jobs that were within Claimant's physical abilities. Claimant applied for three of these positions,[1] but did not make any attempt to secure two of the approved positions which were available as of April 25, 1988.

1. The record indicates that Claimant also applied for a position with the Rothrock Co. However, the record does not indicate how Claimant was referred to this position or whether it was approved by Dr. Danyo.

Employer filed a modification petition on June 28, 1988 alleging that work was available to Claimant that was within his physical limitations. At hearings before the referee, Employer elicited Opp's testimony regarding job availability, presented Dr. Danyo's deposition testimony, and introduced documentary evidence regarding Claimant's physical limitations and job availability. Claimant introduced the deposition testimony of Dr. Walter F. Stull, Jr. and Dr. Maurice Romy, both of whom stated that Claimant remained totally disabled. Claimant's own testimony consisted of a one-page affidavit which presented his physical complaints and further stated: "I have cooperated fully with any reasonable attempt to return to work. I have gone to interviews set up by the insurance company, but I have never been hired." The referee specifically found credible Dr. Danyo's opinion that Claimant is not totally disabled but, rather; is only partially disabled and is capable of medium employment. The referee concluded that Employer sustained its burden of proving that Claimant was partially disabled as of April 25, 1988 and capable of employment, and that work was available to Claimant which was within his physical capabilities. The referee thus granted Employer's modification petition and Claimant appealed to the Board.

■ In its February 20, 1992 opinion reversing the referee, the Board stated that the record is devoid of any evidence of a direct communication between Employer and Claimant as to a change of medical condition. The Board reversed the referee "[b]ecause we find that Claimant's medical condition was not communicated to him before a job referral was made." Board Opinion, p. 5. Employer then appealed to this Court.[2]

■ The applicable burden for Employer in this case was enunciated in *Kachinski v. Workmen's Compensation Appeal*

2. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether there was a violation of constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

*Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987):

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

Pursuant to the *Kachinski* standard, the claimant must be apprised of the medical clearance so that he or she may faithfully pursue any appropriate job referrals. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989), *appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990). Notification of medical clearance is essential in an evaluation of a claimant's good faith because the claimant has no obligation to apply for a job for which he or she has not been medically cleared to perform. *Murphy v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 142 Pa.Commonwealth Ct. 416, 598 A.2d 87 (1991), *appeal denied,* 530 Pa. 649, 607 A.2d 257 (1992).

█ Employer first argues that the Board erred in its application of the standards set forth in *Kachinski* and *Lukens*. The Board stated that:

In order to fulfill the requirements of *Kachinski,* it is this Board's opinion that an employer is required, at a minimum, to communicate to a claimant what specific change in medical condition has occurred, and some indication of the basis of the physician's opinion as to the change in condition.

Board Opinion, p. 5. The Board's interpretation in this regard is beyond the scope of this Court's holding in *Lukens*. Furthermore, such a reading would not only impose upon the employer the duty to communicate specific changes in the

claimant's medical condition but would also require the employer to explain the basis of the physician's opinion. No support for the Board's position can be found in *Kachinski* or *Lukens* and this Court can not endorse the Board's expansive reading of these cases.

Employer next contends that the Board erred in making a finding that Claimant's medical condition was not communicated to him before a job referral was made. Where, as here, the Board took no additional evidence, the referee was the ultimate factfinder and the Board could make no additional finding. *Skurkey v. Workmen's Compensation Appeal Board (Foster–Wheeler Corp.)*, 110 Pa.Commonwealth Ct. 81, 531 A.2d 883 (1987). Although the referee did not make a specific finding as to whether Claimant was notified of his change in condition, this Court need not remand under the particular circumstances presented.

Findings of fact in a worker's compensation case need not be so specific as to provide a thorough explanation of the thought processes of the factfinder; however, they must be sufficient to demonstrate that the factfinding function was performed. *McAfee v. Workmen's Compensation Appeal Board (Allegheny General Hosp.)*, 134 Pa.Commonwealth Ct. 562, 579 A.2d 1363 (1990). In this case, the referee's findings of fact were extensive and detailed: he clearly found credible Dr. Danyo's testimony that Claimant was no longer totally disabled; he found that Claimant had been cleared by Dr. Danyo for several medium-duty jobs; that Claimant was notified by Opp of the availability of these positions; and that Claimant did not deny in his affidavit that he was notified of the availability of the positions.

The Board refers to a March 28, 1988 letter from Opp to Claimant wherein Opp states: "As discussed on the phone, there are two possible job leads that appear to be within your physical restrictions." The Board then stated that this was the only evidence of record of a change in medical condition being communicated to the Claimant. However, the Board ignored a February 10, 1988 letter from Opp to Employer which contained the passage: "I did visit with [Claimant] on

1/15/88 to go over the liberal restrictions placed on him by Dr. Danyo stating that he can lift up to 40–50 pounds on a frequent basis and did not impose any other restrictions at all. [Claimant] did say that he feels he is capable of doing some work. . . ." This letter and the March 28, 1988 letter were introduced into evidence by Employer and Claimant neither contradicted nor objected to this evidence.

Claimant contends that *Lukens* requires either a physical capacities form or comparable verbal evidence from a doctor in order for Employer to meet its burden of proving that it informed Claimant of his change in medical condition. However, *Lukens* sets forth no such requirement and merely states that such things "would have been sufficient." *Id.*, 130 Pa.Commonwealth Ct. at 486, 568 A.2d at 984. This Court concluded that an employer did not meet its burden of proving that a claimant's medical clearance was communicated to him, even though the employer's doctor had approved the category of jobs suitable for claimant.

In *Lukens*, there was only one job referral in question, there was no evidence in the record that the claimant was apprised of his change in medical condition, and the claimant testified that he was never informed of his medical clearance. Thus, the employer failed to satisfy its burden of showing that the claimant's medical clearance was communicated to him. In the present matter, there is clear and uncontradicted evidence that Claimant was informed of his medical clearance. Moreover, Claimant actually applied for several of the medically-cleared jobs, thus amounting to an implicit acknowledgement that he was apprised of his medical clearance. Employer has therefore satisfied its burden of proof in this case.

## ORDER

AND NOW, this 20th day of October, 1992, the order of the Workmen's Compensation Appeal Board is reversed.