**Leslie SCHRIVER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEPARTMENT OF TRANSPORTATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 30, 1997.

Decided Aug. 12, 1997.

Thomas S. Cook, Harrisburg, for petitioner.

Steven O. Spahr, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Leslie Schriver seeks review of an order issued by the Workers' Compensation Appeal Board that affirmed, as modified, a decision of the Workers' Compensation Judge (WCJ) denying Employer's termination petition. The Board ordered that Employer continue to pay benefits of $160.50 per week to Schriver based on his 1978 average weekly wage rate rather than benefits ordered by the WCJ of $272.92 per week, based on Schriver's 1988 wage rate. The Board ruled that the WCJ erroneously relied on Schriver's 1988 wage rate without finding a 1988 work injury. Schriver argues that the decision of the WCJ was supported by substantial, competent evidence; that the WCJ properly granted Schriver's oral petition for review of his compensation rate; and that the Board erred in ruling that Schriver's claim was beyond the applicable three-year statute of limitations.

Schriver worked for the Department of Transportation (Employer) as an equipment operator and laborer until December 31, 1988. Schriver sustained injuries to his back in May 1978 and August 1981, and in both instances he received benefits. After his return to work in September 1983, Schriver experienced pain which increased in severity until he could no longer continue to work, effective December 31, 1988. Employer paid benefits calculated on Schriver's 1978 wages from January 3, 1989 to the present, pursuant to a supplemental agreement signed in June 1989. However, in September 1991, Employer petitioned to terminate benefits; at a hearing on December 19, 1991, Schriver's counsel orally petitioned the WCJ to review whether benefits should be calculated based on Schriver's 1988 wages, contending that in December 1988 Schriver suffered an aggravation of his prior work injury. Employer never objected to this petition.

The WCJ credited the testimony given by Schriver and his medical witnesses, Drs. George Baker, Robert Richards and Robert L. Fiss. The medical witnesses described their respective diagnoses of Schriver's condition, which included spinal stenosis of the lumbar spine, chronic strain of low back muscles and osteoarthritis of the lumbar spine. The witnesses also testified about Schriver's functional limitations and stated that, in their opinions, Schriver's total disability was causally related to his work. The WCJ denied Employer's termination petition and ordered Employer to continue paying benefits to Schriver based on his 1988 wages rather than the 1978 wages.

The Board affirmed the denial of Employer's termination petition but modified the WCJ's decision and ordered benefits based on Schriver's 1978 wages. The Board found that because the WCJ did not make a finding of fact that an injury occurred in 1988, his decision to award benefits based on Schriver's 1988 wages was not supported by substantial, competent evidence. The Board also noted that any claim for a 1988 injury filed at the time Employer filed its termination petition would have been time-barred by the three-year limitations period for filing

claims.[1] *See* Section 315 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.

 Schriver directs the Court's attention to rulings by the WCJ at the December 19, 1991 and March 10, 1994 hearings that Schriver's oral petition for review would be made a part of the case and that, because of the petition for review, the WCJ could make findings on whether an aggravation injury had occurred in 1988, and, if so, whether Schriver would be entitled to a higher rate of compensation. At the March hearing, the WCJ gave Schriver an opportunity to submit wage information and Employer an opportunity to respond, after which the record would be closed. In response, Employer argues that the WCJ's failure to make a specific finding regarding an aggravation of Schriver's prior injury can be interpreted to mean that the WCJ decided that Schriver did not suffer an injury in 1988.[2] Moreover, Employer contends that Schriver failed to give timely notice of his aggravation injury and that the WCJ merely made a mistake in using the 1988 wage to calculate Schriver's benefits.

Schriver argues that although the WCJ did not make a specific finding that Schriver suffered an injury in 1988, the following findings establish that Schriver aggravated his previous work-related back injury as of December 1988:

13. Claimant worked as an equipment operator III for PDOT. Claimant was first injured in 1978. Claimant's foot slipped while stepping off a truck. Claimant twisted his back while he tried to prevent himself from falling. Claimant missed 11 months from work. Claimant's second injury occurred around August 2, 1981. Claimant was thrown around the cab of a high lift. Claimant felt paralyzed as a result of the work-related injury. Claimant was released to return to pre-injury job.

14. Upon return, 60% of claimant's job was spent laboring with hand tools. Claimant would cut brush, feed the brush machine, and drag brush. Further, claimant would shovel stones with a hand shovel and use a sledge hammer to drive guard rail posts down after digging holes. During winter months, claimant continued to perform snow removal with the high lift.

15. Claimant started experiencing pain across the small of his back radiating to legs, particularly after standing longer than 15 minutes.

16. Claimant's pain worsened. Claimant was unable to finish the task started. Claimant stopped working the end of December 1988 due to increased severity of pain.

17. Claimant continues to suffer with pain in the back and legs. Claimant has difficulty sleeping. Further, claimant has difficulty walking and sitting for any length of time. Claimant keeps a bed pan by his bed. Claimant is restricted from doing certain household chores.

 Although "[f]indings of fact in a worker's compensation case need not be so specific as to provide a thorough explanation of the thought processes of the factfinder . . .

---

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Continental Ins. Co. v. Workmen's Compensation Appeal Board (Ortiz),* 151 Pa.Cmwlth.183, 616 A.2d 732 (1992).

2. Employer also argues that Schriver's failure to appeal the WCJ's lack of a finding regarding a 1988 injury constitutes a waiver of the issue. However, a party cannot appeal a finding of fact; a party can only appeal an order. *Wright v. Workmen's Compensation Appeal Board (Adam's Mark Hotel),* 163 Pa.Cmwlth.172, 639 A.2d 1347 (1994). Furthermore, because the WCJ's decision was in Schriver's favor, he was not an aggrieved party and, as a result, could not have appealed the decision. *Id.; USX Corp. v. Workmen's Compensation Appeal Board (McDermott),* 152 Pa.Cmwlth.174, 618 A.2d 1150 (1992).

they must be sufficient to demonstrate that the factfinding function was performed." *Continental Ins. Co. v. Workmen's Compensation Appeal Board (Ortiz)*, 151 Pa.Cmwlth. 183, 616 A.2d 732, 735 (1992). Before the WCJ here may enter an award or otherwise modify Schriver's compensation rate established by the supplemental agreement, the WCJ must first make specific findings as to whether an aggravation injury occurred in December 1988.[3] The case, therefore, must be remanded so that the WCJ may make specific findings of fact on whether Schriver suffered an aggravation injury in December 1988, and, if so, whether he is entitled under the circumstances to a continuation of benefits based upon his 1988 wage rate.

██ Notwithstanding the Court's decision to remand this case for additional findings by the WCJ, the Court needs to address one remaining issue. Schriver argues that the Board's conclusion that any claim for a 1988 injury would have been barred by the statute of limitations is erroneous since Schriver timely petitioned for review of his wage calculations prior to the expiration of the statute of limitations. Under Section 413 of the Act, 77 P.S. § 771, the WCJ has the authority at any time, upon petition filed by either party or during the course of any proceedings pending before the WCJ, to review and modify a notice of compensation payable or an original or supplemental agreement that is in any material respect incorrect. *Birmingham Fire Ins. Co. v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96 (Pa.Cmwlth.1995).

██ Additionally, the principle that the form of a petition is not controlling where the facts justify relief for a claimant has become well established in case law. *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Indus. of Delaware Valley)*, 140 Pa.Cmwlth.16, 591 A.2d 347 (1991). In any event, Employer never objected to the

manner in which Schriver petitioned for review of his compensation rate, and Employer may not now argue that Schriver is precluded from pursuing his petition for review. Moreover, Employer has shown no prejudice, *Mauger and Co. v. Workmen's Compensation Appeal Board (Waltz)*, 143 Pa.Cmwlth. 198, 598 A.2d 1035 (1991), and the WCJ, therefore, did not err in making Schriver's petition for review a part of the case.

For the above-stated reasons, this case is remanded for the WCJ to make findings of fact as to whether Schriver proved an aggravation injury and, if so, whether Schriver is entitled to a modification of his compensation rate based on his 1988 wages rather than his 1978 wages. Accordingly, the Court vacates the order of the Board and remands this case.

### ORDER

AND NOW, this 12th day of August, 1997, the order of the Workers' Compensation Appeal Board is vacated, and this case is remanded for additional findings of fact by the Workers' Compensation Judge pursuant to the foregoing opinion.

Jurisdiction is relinquished.

---

**3.** Where a claimant alleges that his or her employment aggravated an existing condition, the claimant must show that the aggravation arose in the course of employment and was related to that

employment. *Lewistown Hospital v. Workmen's Compensation Appeal Board (Kuhns)*, 683 A.2d 702 (Pa.Cmwlth.1996).