William P. ROTH, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (AMORE MANAGEMENT COMPANY and PENN NATIONAL INSURANCE), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 30, 1998.

Decided March 12, 1999.

Reargument and Reconsideration Denied May 12, 1999.

Peter D. Friday, Pittsburgh, for petitioner.

James A. Mazzotta, Pittsburgh, for respondent.

Before McGINLEY, J., SMITH, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

William P. Roth (Claimant) petitions for review of an order issued by the Workers' Compensation Appeal Board (Board) that affirmed a decision of the Workers' Compensation Judge (WCJ) granting the petition of Amore Management Company/Penn National Insurance (Employer) for suspension and modification of Claimant's benefits. Claimant questions whether the WCJ erred in granting Employer's suspension and modification petition because Employer did not meet the requirements set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Claimant was employed as a live-in apartment manager/custodian at Lindenbrooke Apartments in Bethel Park when on October 13, 1995 he injured his lower back while carrying a heavy toolbox. Employer issued a

notice of compensation payable listing Claimant's average weekly wage as $335.53, entitling him to a weekly benefit rate of $254.50. Prior to litigation, Employer filed a corrected statement of wages increasing Claimant's average weekly wage to $451.78 and increasing his benefit rate to $301.18.

On February 26, 1996, Employer filed a petition to suspend and modify Claimant's benefits, stating that as of January 19, 1996 Claimant was only partially disabled and was capable of performing work within his physical capabilities. Claimant filed a petition for modification and review on March 28, 1996 and sought to increase his average weekly wage calculation. The WCJ consolidated the petitions. Employer voluntarily increased Claimant's average weekly wage to $479.88 and his benefit rate to $319.92 after Claimant filed his petition. However, approximately two months after Claimant's injury, Employer decided that because Claimant's average weekly wage included the value of his rent and utilities, he should pay $600 per month in rent retroactive to the date of his injury in October 1995. When Claimant refused to pay rent, Employer initiated eviction proceedings, and Claimant then moved himself and his family from the premises in February 1996.

Employer presented the testimony of Dr. David Steinberg, who is board certified in physical medicine and rehabilitation. Dr. Steinberg examined Claimant on January 11, 1996 and opined that he could return to full-time work in a medium-duty capacity. Claimant presented no medical evidence to refute this opinion. On January 19 and February 9, 1996, Employer offered work to Claimant as a live-in maintenance person on a modified basis at Lindenbrooke. On June 10 Employer offered work to Claimant as an on-site, live-in manager on a modified basis at Employer's Pennwood Square site in Wilkinsburg, and the offer was extended again at the WCJ hearing in July 1996. Dr. Steinberg reviewed these job offerings and opined that they were within Claimant's physical limitations. At the hearing Employer stated that it would accommodate Claimant's physical limitations.

Claimant refused the positions. He testified that the job offers by Employer were impractical because they required him to live at the complexes, and he had signed a one-year lease on an apartment and moved to a borough beyond the normal commuting distance of Bethel Park. The WCJ credited the testimony of Dr. Steinberg and discredited the testimony of Claimant. Notwithstanding these credibility determinations, the WCJ noted that Employer sought back rent from October 1995 and found that it was "likely overreaching, or at least engaging in 'hardball' in demanding back rent to October 1995," although Claimant was not excused from returning to work. WCJ Decision, p. 6. The WCJ concluded that Employer met its burden under *Kachinski* and that Claimant acted in bad faith by refusing to attempt any of the work offered. The WCJ also determined that the average weekly wage was properly calculated at $479.88 and suspended Claimant's benefits effective January 19, 1996.

■ The Board affirmed the decision of the WCJ. It observed, however, that the record was clear that "both parties" contributed to the adverse situation that arose between them, i.e. eviction, but that in any event Claimant could not impose conditions on the job referrals made by Employer. This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schriver v. Workers' Compensation Appeal Board (Department of Transportation)*, 699 A.2d 1341 (Pa.Cmwlth.1997).

In *Kachinski* the Supreme Court established a four-prong test that an employer must satisfy before an injured employee's benefits will be modified or suspended for refusing a job referral:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupa-

tional category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380. *Kachinski* further requires that the referral be "available" and states the following:

[A] position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence.

*Id.* at 251, 532 A.2d at 379.

It is well settled that job referrals must be made in good faith to satisfy the second prong of the *Kachinski* test. *Andromalos–Dale v. Workmen's Compensation Appeal Board (U.S. Air, Inc.)*, 143 Pa.Cmwlth. 505, 599 A.2d 304 (1991). The employer must first satisfy the initial two prongs of *Kachinski*, and only thereafter does the burden shift to the claimant to demonstrate that he or she has followed through on job referrals in good faith. *See Joyce v. Workmen's Compensation Appeal Board (Ogden/Allied Maintenance)*, 550 Pa. 244, 705 A.2d 417 (1997). Adhering to this principle is essential because the viability of the system depends on the good faith of its participants. *Kachinski.* The Supreme Court admonished that job referrals by the employer must be a true attempt made in good faith to return the injured employee to productive employment, rather than a mere attempt to avoid paying compensation. *Id.* Further, the Supreme Court expressly stated in *Kachinski* that to determine job availability, the WCJ is required to give regard to any other relevant considerations in addition to those enumerated factors set forth by the court in determining whether a job referral is available to the claimant.

 In the case sub judice, Claimant's relocation was based entirely on his eviction by Employer and its demand for back rent, which in effect may be logically construed as a demand for partial reimbursement of benefits or as Employer's unilateral attempt to obtain a credit for benefits it paid to Claimant. In essence, Employer attempted to avoid paying benefits that it was obligated to pay. Under the *Kachinski* standards, good faith is a two-way street which not only the employee must follow but also the employer. *Andromalos–Dale.* An employer who has taken deliberate and unilateral measures to hinder a claimant's return to work cannot be allowed to benefit from a refused job referral. *Kachinski.* The WCJ's finding that Employer was likely overreaching, or at least engaging in "hardball" tactics in demanding back rent demonstrates Employer's lack of good faith. By evicting Claimant Employer diminished the opportunity for Claimant to return to productive employment. Because Employer failed to sustain its burden of proof under *Kachinski*, the Board erred in affirming the WCJ's suspension of Claimant's benefits. Accordingly, the order of the Board is reversed, and benefits are reinstated.

### ORDER

AND NOW, this 12th day of March, 1999, the order of the Workers' Compensation Appeal Board is reversed, and this case is remanded for a reinstatement of benefits.

Jurisdiction relinquished.