J. Douglas STRANGE, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (PITTSBURGH PIRATES), Respondent.

No. 1328 C.D. 2002.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.

Decided Dec. 13, 2002.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Amy J. Andrews, Wexford, for respondent.

Before: COLINS, President Judge, SMITH–RIBNER, Judge and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

J. Douglas Strange petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of a Workers' Compensation Judge that granted Strange's claim petition but limited his benefits pursuant to Section 308.1 of the Workers' Compensation Act[1], 77 P.S. § 565. We affirm the Board.

Strange was hired by the Pittsburgh Pirates Baseball Club as a utility infielder in November of 1997 under a two-year contract at a salary of $550,000.00 per year. He sustained an injury to his right elbow on April 1, 1999 that resulted in disability commencing on October 1, 1999. The parties entered into an agreement by which Strange would be paid benefits at the maximum rate allowable in 1999, $588 per week, based on an average weekly wage of $9,615.38. Among other provisions not relevant to our inquiry, the agreement specifically reserved to Strange the right to challenge the constitutionality

[1]. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 10 of the Act of July 2, 1993, P.L. 190.

[2]. Our standard of review is limited to determining whether findings are supported by

of Section 308.1(e) of the Act, which defines "wages of the injured employee" in Section 306(b) of the Act for the purpose of computing partial disability benefits for certain highly paid professional athletes, and only that small group, as two times the statewide weekly average wage.

The question we are asked to determine is whether Section 308.1 of the Act violates the protections guaranteed by the Constitutions of Pennsylvania and of the United States.[2]

This Court recently decided the case of *Lyons v. Workers' Compensation Appeal Board (Pittsburgh Steelers Sports, Inc.),* 803 A.2d 857 (Pa.Cmwlth.2002). There is no substantive difference between the facts in *Lyons* and those before us in this case. The law and the question presented in *Lyons* are the same as the law and the question presented here. We will, therefore, defer to and rely on our earlier, published decision in *Lyons* rather than repeat the analysis here.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 13th day of December 2002, the order of the Workers' Compensation Appeal Board in this matter is affirmed.

substantial evidence, an error of law was committed or constitutional rights were violated. *Schriver v. Workers' Compensation Appeal Board (Department of Transportation),* 699 A.2d 1341 (Pa.Cmwlth.1997).