M. Gordon & Sons, Inc., Appellant, *v.* Workmen's Compensation Appeal Board and David W. Morrison, Appellees.

Argued February 7, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Lloyd R. Persun,* with him *R. J. Woodside* and *Shearer, Mette, Hoerner & Woodside,* for appellants.

*Gary M. Lightman,* with him *Myers & Desfor,* for appellees.

OPINION BY JUDGE BLATT, June 13, 1974:

On October 26, 1966, David W. Morrison (claimant), while in the course of his employment with M. Gordon & Sons (employer), accidentally sprayed epoxy into his eye. He claims that this resulted eventually in the functional loss of use of his left eye. Because his eye continued to be irritated after the accident, he went to the Carlisle Hospital and was treated there by Dr. Donald D. Stoner, who then referred him to Dr. I. J. Eisenberg, an opthamologist.

The claimant's condition was originally diagnosed as glaucoma and was thought to be unrelated to his work incident. Allegedly because of this diagnosis, the insurance company denied compensation and so informed Dr. Eisenberg in November 1967. After further study, therapy and surgical intervention, however, Dr. Eisenberg concluded (in August 1967) that the claimant's condition was indeed caused by the accident at work. In a letter dated March 13, 1968 which contained the revised diagnosis, Dr. Eisenberg explained to the insurance company that the condition was a "stromal herpetic keratitis complicated by elevated tension." He further stated that "[t]his is a situation that can

arise due to injury such as paint or any other cause which may break down the epithelial barrier and permit the herpetic virus to enter."

The claimant's claim petition was not filed until April 25, 1968 and, therefore, the appellant contends that the claim is untimely and thus barred by Section 315 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §602, which at the time in question provided for a sixteen-month statute of limitations after the accident for the filing of a claim. A referee dismissed the claim on this basis, but the Workmen's Compensation Board (Board)[1] concluded that proper cause was shown for extending the time during which claimant might be allowed to file his petition. The Board, therefore, remanded the case, directing the referee "to review this matter and issue a decision based upon the merits of the case."[2] The attorneys for both parties agreed to submit the original record to a second referee for findings of fact even though he, of course, had not heard the case.

The second referee found that the claimant, after having given proper notice to his employer, was lulled into a false sense of security regarding his claim petition, as a result of which he had not made a timely complaint, and that the accident at work had resulted

---

[1] Now the Workmen's Compensation Appeal Board.

[2] Counsel for the appellant withdrew his appeal to the Commonwealth Court at this stage of the proceedings because the order was interlocutory, but he expressly reserved his right to raise it after final adjudication. *See Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973). This case is unlike *Riley Stoker Corporation v. Workmen's Compensation Appeal Board and Jeeter*, 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973), wherein an appeal had been, on its face, untimely filed and an appeal from a remand order was found not to be interlocutory. Here the claim was arguably not filed late and the remand order was interlocutory.

in the loss of the claimant's left eye. The Board affirmed the referee, finding that there was competent evidence to support the determination that the accident caused this injury, citing *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), and merely referred to its earlier opinion on the statute of limitations issue.

We agree that this claim petition was timely filed and was properly heard on its merits. Where, as here, the claimant is led to believe that his claim for compensation would be taken care of by the employer, and he was therefore lulled into a false sense of security, the employer is estopped from availing himself of the limitation provisions. *Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 526, 308 A.2d 179 (1973); *Iwaskewycz v. United States Steel Corp.*, 7 Pa. Commonwealth Ct. 211, 298 A.2d 62 (1972). The record here shows that, in August 1967, upon learning that his injury was work related, the claimant testified that he notified his employer, who in turn responded that he (the employer) would file the compensation papers for him. In December 1967 (after the initial denial by the insurance company) the claimant's brother, also an employee of the appellant, discussed the claim with one of the employers because he assumed that the revised diagnosis would affect his brother's claim. The employer informed him then that the papers had been filed and that "it was going through." The claimant was informed of this conversation, and, because of it did not proceed with any filing of his own.

Not only does the record show that the employer misled the claimant concerning the claim, but a telephone call to the insurance company in January 1968 also caused the claimant to believe that there was no need for any further action on his part because he was told then that the papers had been filed and that

he would soon receive compensation. We recognize that the complicated medical situation and revised diagnosis may have confused the situation and caused some unintentional misunderstanding, but it is clear that even an unintentional deception may not work an injury to the relying claimant. *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 155 A.2d 414 (1959); *Guy v. Stoecklin Baking Co.*, 133 Pa. Superior Ct. 38, 1 A.2d 839 (1938). The claimant has therefore properly filed his petition within the limited extended period from the last misleading statement of his employer upon which he relied. *See Kushner v. Strick Trailer Co.*, 10 Pa. Commonwealth Ct. 518, 312 A.2d 471 (1973); *Mucha v. Bayard & Co., Inc.*, 177 Pa. Superior Ct. 138, 108 A.2d 925 (1954).

As to the merits, we are convinced that the uncontradicted medical testimony of Dr. Eisenberg clearly established competent evidence upon which the referee and the Board could properly find the work incident to have been the cause of the claimant's disability. Such properly supported findings of the referee, of course, will not be disturbed on appeal. *Maston v. Union Mining Co.*, 9 Pa. Commonwealth Ct. 586, 309 A.2d 67 (1973); *New Standard Corp. and Insurance Co. of North America v. Workmen's Compensation Appeal Board and Miller*, 9 Pa. Commonwealth Ct. 494, 309 A.2d 60 (1973).

It is also clear that the award of compensation for the ten-week healing period as provided by Section 306c(25) of the Act, 77 P.S. §513(25) was properly supported. The claim petition sworn to on April 23, 1968 and made a part of the record states that the claimant had not yet returned to work. By that date he had already experienced a ten-week period of disability for which he may receive compensation.

We, therefore, issue the following

ORDER

Now, June 13, 1974, the award of the Workmen's Compensation Appeal Board is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the claimant, David W. Morrison, and against M. Gordon & Sons, Inc. and/or Pennsylvania Manufacturers Association Insurance Co. for compensation at the rate of $52.50 per week from October 26, 1966 to September 10, 1969, inclusive, for a period of 150 weeks, and in the amount of $7,875.00, and $52.50 a week for a ten-week healing period in the amount of $525.00; interest at the rate of six percent (6%) per annum is payable on deferred payments in accordance with the Pennsylvania Workmen's Compensation Act. The following medical bills incurred by the claimant must also be paid by the employer or insurance carrier:

Dr. Donald D. Stoner ................ $237.00
Dr. I. J. Eisenberg ................. 450.00
Harrisburg Polyclinic Hospital ...... 794.10