George Auerbach, Petitioner *v.* Workmen's Compensation Appeal Board (Auerbach et al.), Respondents.

Argued December 5, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

Michael S. Valimont, Power, Bowen & Valimont, for petitioner.

James M. Schildt, with him Robert M. Donovan, Williams, Schildt & MacMinn, for respondents.

OPINION BY JUDGE ROGERS, February 14, 1984:

George Auerbach, a workmen's compensation claimant, has appealed from an order of the Workmen's Compensation Appeal Board, reversing the referee's decision that the limitation of Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1001, was not a bar to the claimant's petition to set aside a final receipt. Section 434 of the Act[1] provides that:

> A final receipt, given by an employe or
> dependent entitled to compensation under a
> compensation agreement notice or award, shall
> be prima facie evidence of the termination of
> the employer's liability to pay compensation

_____

[1] At the time the claimant received his final payment on July 3, 1973, this section provided a two-year period for filing a petition, but it was later amended by Section 14 of the Act of December 5, 1974, P.L. 782 to increase the time for filing a petition to three years effective February 3, 1975.

under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

The claimant suffered a work-related injury to his back on August 31, 1972 after falling from a scaffold. He received compensation until he was discharged by his physician to full activities on July 30, 1973. On October 11, 1973, the claimant signed a final receipt. He did not see a doctor again about his back until October 8, 1976 and was then diagnosed as suffering from a degenerating disc. He testified that beginning "a couple of days" after his visit to the doctor he made a series of calls to his employer's insurance company inquiring about further compensation but that representatives of the company put him off by telling him that they could not help until they got his records from Albany and that the law was going to change soon in a way that would benefit him. On September 12, 1977, the claimant filed his petition to set aside the final receipt.

The referee concluded that the limitation of Section 434 of the Act had been tolled by "an unintentional deception, which would amount to fraud." He based this conclusion on his findings that "[a]t the time the Claimant signed the Final Receipt in October of 1973, all disability had not terminated and the Claimant did not know exactly what he was signing" and that "[n]o one explained the Final Receipt to the Claimant." Having also found that the claimant "be-

came completely disabled again because of his back injury on June 26, 1978," the referee ordered that the claimant receive compensation from that date.

The Workmen's Compensation Appeal Board reversed the referee's decision and dismissed the claimant's petition to set aside the final receipt. The board wrote that since "[n]o one needed to inform the claimant personally that he had a right to set aside the final receipt but that this right had to be exercised within a certain time period," the referee's findings did not support his conclusion that the limitation of Section 434 had been tolled by an unintentional deception.

The claimant advances two reasons why the limitation of Section 434 should not be held to bar his petition to set aside the final receipt. He first asserts that the record contains substantial evidence to support the referee's conclusion that the claimant's signature was procured by unintentional deception. Second, he argues that the actions of the employer's insurance company following his discovery that he had a degenerating disc occurred prior to the expiration of the limitation and lulled him into a belief that the insurance company would handle his claim. We find neither argument convincing.

The time period provided by Section 434 is an absolute bar to the right to obtain additional compensation and courts may not extend the period unless the claimant proves that the receipt was procured by means of fraud, intentional or unintentional deception, or other improper action of the employer. *Stewart v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 479, 413 A.2d 437 (1980); *Mager v. H. H. Robertson Co.*, 27 Pa. Commonwealth Ct. 478, 367 A. 2d 414 (1976); *Climax Molybdenum Co. v. Workmen's*

*Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 249, 325 A.2d 822 (1974). In *Climax Molybdenum Co., supra,* we held that there is no affirmative duty on an employer to advise a claimant of his right to petition to set aside a final receipt within the period provided for by Section 434.

There is no evidence in this record that the claimant's employer obtained the final receipt by improper means such as representing that the final receipt was a receipt only for the last compensation check which the claimant was required to sign in order to receive the check. The referee's findings are only to the effect that the significance of the final receipt was not explained to the claimant and that the claimant did not know exactly what he was signing. These findings do not support the referee's conclusion that the claimant signed the receipt as the result of deception.

Where an employer's actions or statements have lulled the claimant into a false sense of security that his claim would be taken care of by his employer and that there was no need for any immediate or further action on the claimant's part, the applicable period of limitation begins to run again from the last such action or statement of the employer. *Workmen's Compensation Appeal Board v. Griffith,* 28 Pa. Commonwealth Ct. 623, 368 A.2d 1371 (1977). But in such case, the employer's offending conduct must commence before the termination of the limitation period. *Cf., Helstrom v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979).

The claimant asserts that his initial telephone call to his employer's insurance company which he testified he made "a couple of days" after October 8, 1976 occurred prior to the termination of the period of limitation of Section 434. He argues that the period

began on October 11, 1973 when he signed the final receipt and continued to run for three years from that date.

*Pliscott v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 292, 305 A.2d 918 (1973) is controlling on the issue of when Section 434's period of limitation begins to run. In *Pliscott,* the claimant was last paid compensation on October 6, 1966 and signed a final receipt on November 4, 1968. Section 434 provides that the time for filing a petition to set aside a final receipt commences "from the date to which payments have been made. . . ." We rejected the claimant's assertion that the date of the final receipt should control and held that Section 434 clearly provides that the date of the payment, and not the date of the final receipt, should control.

Effective February 3, 1975, Section 434 was amended to provide three years from the date to which payments have been made to file a petition to set aside a final receipt. The three-year period is applicable here because it became effective before the expiration of the two-year period that was in effect on July 30, 1973, when the claimant received his final payment. *See City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978). However, the telephone calls which the claimant alleges lulled him into a false sense of security did not commence until after Section 434's period of limitation had expired on July 30, 1976.

Order affirmed.

### ORDER

AND NOW, this 14th day of February, 1984, the order of the Workmen's Compensation Appeal Board filed March 18, 1982 is hereby affirmed.