**SHARON STEEL CORPORATION (National Union c/o Crawford & Co.), Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (MYERS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1995.

Decided Jan. 29, 1996.

Michael A. Cohen, for Petitioner.

Daniel K. Bricmont, for Respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Sharon Steel Corporation (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's denial of Claimant's petition to enforce a supplemental agreement and the referee's grant of Employer's petition for review. We reverse.

On December 19, 1986, and again on March 27, 1987, Claimant suffered work-related injuries while in the course of his employment and received disability benefits from April 5, 1987 until May 3, 1987. Thereafter, Claimant returned to work on May 4, 1987 and executed a final receipt on May 13,

1987, claiming his work-related injuries had ceased.

On September 20, 1990, Claimant signed a supplemental agreement presented to him by Susan Dolan, a staff assistant with Employer.[1] Thereafter, in early October, 1990, Donald Miller, claims adjuster for Employer's workers' compensation insurance, notified Claimant that his supplemental agreement would not be accepted and therefore no benefits outlined in the agreement would be paid because the statute of limitations as enunciated in Section 434 of the Workers' Compensation Act[2] had run.[3]

On November 19, 1990, Claimant filed a petition for reinstatement of compensation as Employer refused to remit compensation payments as outlined in the supplemental agreement. On December 24, 1990, Employer filed a petition for review requesting the invalidation of the September 20, 1990 supplemental agreement. Employer viewed the agreement as null and void because the supplemental agreement was executed more than three years after Claimant signed a final receipt.

Following a hearing, a referee, on April 13, 1992, granted Claimant's reinstatement petition and denied Employer's petition for review. The referee found the September 20, 1990 supplemental agreement valid and enforceable between the parties and assessed Employer penalties and attorneys fees for refusing to honor the agreement. The referee found that even though Claimant's right to compensation was extinguished by the running of the three-year statute of limitations, this right was re-established with the execution of the supplemental agreement.

The Board vacated and remanded holding that an absolute bar prevented Claimant from obtaining any additional benefits for his work-related injuries as the three-year statute of limitations pertaining to final receipts had expired. The Board held that the referee had failed to address major issues because the doctrines of equitable estoppel or implied waiver might apply to the facts of this case. Because the referee did not address these issues in his opinion, the Board remanded for findings which would allow the Board to consider whether, as a matter of law, the facts supported the application of equitable estoppel.

■ On February 11, 1994, the referee held the doctrine of equitable estoppel inapplicable, denied Claimant's petition for reinstatement and granted Employer's petition for review, in effect reversing his first decision. On appeal, the Board reversed, holding that as a matter of law the doctrine of equitable estoppel[4] applied and reinstated the referee's first decision which granted Claimant's petition for reinstatement. The Board reasoned that the findings of fact made by the referee in his first decision[5] and the record

1. Ms. Dolan testified that her job duties on or about September 20, 1990 included: "Basically a little bit more than clerical; maintaining the files, making sure that our insurance carriers got the proper documentation that they needed, requesting wages from payroll in order to establish pre-injury average weekly wages, that type of situation." N.T. of September 12, 1991 hearing at 5–6.

2. Section 434 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 1001, states in pertinent part:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee . . ., **at any time within three years from the date to which payments have been made,** set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.
77 P.S. § 1001 (emphasis added).

3. It should also be noted that Mr. Miller testified that no employee at Sharon Steel had the decision-making authority or power to promulgate and properly execute a supplemental agreement.

4. Whether the facts in a particular case give rise to the application of equitable estoppel is a question of law which can be addressed by both the Board and this Court on appeal. *Walker v. Workmen's Compensation Appeal Board (Sherbren Manufacturing),* 656 A.2d 164 (Pa.Cmwlth.1995). *See also Simmons v. Snider,* 165 Pa.Cmwlth. 417, 645 A.2d 400 (1994).

5. The referee, in his second decision, reaffirmed all of the findings of fact contained in his first decision.

as a whole supported the applicability of equitable estoppel even though on its remand directed the referee to make findings on the equitable estoppel theory.

■ Before this Court reaches the central issue in this case, whether to apply equitable estoppel, we must first consider the implication of Section 434's statute of limitation, raised by the Board in its first decision.[6]

The Board, in its first decision, determined that Section 434 of the Act acts as a complete bar to a claimant's ability to receive additional compensation once the three-year limitation period has passed.[7] Employer asserts that Section 434 of the Act is not merely a statute of limitations, but a statute of repose and, once the three-year limitations period expires, a claimant's right to any compensation for the work-related injury is completely extinguished.[8]

Claimant counters by arguing that Section 434 has not been interpreted by this Court as a statute of repose, especially where an employer's own conduct contributes to a delay in a claimant's pursuit of a reinstatement of benefits. Claimant, in essence, argues that this Court should extend Section 434's three-year limitations period whenever an employer agrees that a claimant has suffered a recurrence of a work-related injury. If this Court were to adopt this principle, however, we would be ignoring the very clear and concise mandate of the Act.

In the past, this Court has ruled that the three-year limitations period enunciated by Section 434 of the Act is "an absolute bar" to a claimant's ability to obtain additional benefits. *Crawford v. Workmen's Compensation Appeal Board (Peugot Contracting)*, 134 Pa. Cmwlth. 89, 577 A.2d 966 (1990); *Auerbach v. Workmen's Compensation Appeal Board (Auerbach)*, 80 Pa.Cmwlth. 301, 471 A.2d 596 (1984).

Recently, in *Steibing v. Workmen's Compensation Appeal Board (City of Hazleton)*, 665 A.2d 865 (Pa.Cmwlth.1995), this Court acknowledged that Section 434 has been interpreted in the past to be a statute of repose.[9] In contrast to statutes of limitations that limit the time in which a party may pursue a certain remedy, statutes of repose completely extinguish a claimant's substantive right, not just the remedy, if he or she fails to claim a right to compensation within the time limits of the statute. *Id.*

■ Unlike statutes of limitations, the expiration period in a statute of repose not only limits a remedy but completely and totally extinguishes the very right of a claimant to claim benefits in the first place, even making payments made after the running of the limitation period insufficient to revive the claim. *Palm v. Workmen's Compensation Appeal Board (Cluett Peabody & Co., Inc.)*, 78 Pa.

---

6. This Court can properly address issues raised in the Board's first remand order. *Rockwood Area School District v. Workmen's Compensation Appeal Board (Tipton)*, 98 Pa.Cmwlth. 309, 511 A.2d 263 (1986). Since the Board's first order was interlocutory, this is the first opportunity we may consider whether the Board correctly determined the issues in its first opinion. *Hartman v. Workmen's Compensation Appeal Board (Fred's Vending)*, 67 Pa.Cmwlth. 65, 445 A.2d 1364 (1982).

7. This case was originally submitted on briefs on June 30, 1995. However, on July 10, 1995, we issued a per curiam order vacating the submission of this case on the briefs and directed that this case be listed for oral argument. This Court requested the parties to file supplemental briefs addressing the following issues: "(1) Is Section 434 or Section 408 of the Act applicable to this case? (2) Is Section 434 a statute of repose? and

(3) Does the doctrine of equitable estoppel apply to Section 434?" (In pertinent part from this Court's order dated July 10, 1995.)

8. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

9. Limitation periods have been interpreted as statutes of repose because these limitation periods were created in derogation of the common law and as such were strictly construed. Therefore, the time limitation which governed the right of action was considered to be part of the cause of action, and not just a procedural limit on a common law remedy. David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation Law: Law and Practice, § 12:5.

Cmwlth. 63, 466 A.2d 1108 (1983), *affirmed,* 507 Pa. 555, 492 A.2d 1118 (1985).[10]

■■■ In further contrast to a statute of limitations,[11] statutes of repose are jurisdictional and can be raised and asserted by an employer at any time during the litigation of the case. *McDevitt v. Workmen's Compensation Appeal Board (Ron Davison Chevrolet),* 106 Pa.Cmwlth. 207, 525 A.2d 1252 (1987), *appeal denied,* 520 Pa. 119, 552 A.2d 1048 (1989). As a result, an employer does not need to plead the time limitation period as if it were an affirmative defense, but rather it remains the claimant's burden to prove and demonstrate that the claim was indeed timely. Even if an employer discovers on appeal that the three-year time limitation period has not been satisfied, the issue can be raised. *Gnall v. Workmen's Compensation Appeal Board (Bethlehem Mines Corp.),* 462 A.2d 930 (Pa.Cmwlth.1983).[12]

■ In this case, the three-year statute of limitations period began to run on May 13, 1987,[13] and expired on May 13, 1990. The supplemental agreement of September 20, 1990 was signed by Claimant, four months *after* the limitations period had expired. Therefore, on September 20, 1990, Claimant's rights to compensation created under the Act did not exist as they had been extinguished on May 13, 1990. *Bellefonte School District v. Workmen's Compensation Appeal Board (Morgan),* 156 Pa.Cmwlth. 304, 627 A.2d 250

(1993). Because we hold that Section 434 is a statute of repose, Claimant was not entitled to receive compensation under the Act, and Employer was not obligated to compensate Claimant under the Act; therefore, the supplemental agreement is unenforceable.

The second issue we must address before considering the applicability of equitable estoppel is whether Section 408 of the Act, the right to enter into a supplemental agreement at any time, overrides Section 434's three-year time limitation. Claimant makes this argument because Section 408 of the Act allows for the creation and execution of a supplemental agreement at any time regardless of any limitations set forth in the Act.[14]

Claimant's argument is flawed. As Claimant's right to compensation under the Act was extinguished prior to the execution of the supplemental agreement, the agreement is therefore void on its face. The limitations provision in Section 434, as a statute of repose, creates a very specific and limited right to receive compensation for a recurrence of a work-related injury. Therefore, nothing, including Section 408, can act to override or circumvent this clear and limiting right to compensation.[15]

With these issues settled, we may now address whether the doctrine of equitable estoppel applies to the facts of this case.[16]

---

10. Our Supreme Court has noted that while not wanting to minimize the salutary purposes of the Act, statutes of repose have been explained as:

Vital to the welfare of society and are favored in the law. They are found and improved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation.

*Berwick Industries v. Workmen's Compensation Appeal Board (Coralee A. Spaid),* 537 Pa. 326, 643 A.2d 1066 (1994) (quoting *Schmucker v. Naugle,* 426 Pa. 203, 231 A.2d 121 (1967)).

11. A statute of limitations must be pled affirmatively as a defense in conformity with common law practice. *Harrington v. Mayflower Manufacturing Co.,* 173 Pa.Superior Ct. 130, 96 A.2d 180 (1953).

12. *See also* David B. Torrey and Andrew E. Greenberg, Pennsylvania Workers' Compensation: Law and Practice § 12:5.

13. This is the date Claimant signed the final receipt.

14. Section 408 states:

All notices of compensation payable and agreements for compensation may be modified, suspended, reinstated, or terminated at any time by an agreement or supplemental agreement as the case may be with notice to the department, if the incapacity of an injured employe has increased, decreased, recurred, or temporarily or finally terminated, or if the status of any dependent has changed.

77 P.S. § 732.

15. *See generally Crawford v. Workmen's Compensation Appeal Board (Peugot Contracting),* 134 Pa.Cmwlth. 89, 577 A.2d 966 (1990), which holds that the time limitation period as enunciated in Section 434 of the Act is an absolute bar for a claimant to obtain benefits.

16. The Board determined that the doctrine of implied waiver might also apply to this case. As previously discussed, Section 434 is a statute of repose, and as such, may be raised at any time in the litigation. Therefore, implied waiver is not

 The doctrine of equitable estoppel applies in situations where a party, through its acts, negligently misrepresents material facts while knowing or having reason to know that the party will justifiably rely on the misrepresentation to its detriment and indeed the other party does so rely. *Walker v. Workmen's Compensation Appeal Board (Sherbren Manufacturing)*, 656 A.2d 164 (Pa. Cmwlth.1995).[17] The two essential elements of equitable estoppel which a claimant must prove by clear and convincing evidence,[18] are, first, inducement and, second, the justifiable reliance on the inducement. *Bayush v. Workmen's Compensation Appeal Board (Conemaugh Township)*, 111 Pa.Cmwlth. 617, 534 A.2d 853 (1987).

 In this case, the Board, in its second decision, found that, first, Employer induced the Claimant into believing that his claim would be processed in January 1990, and second, that Claimant justifiably relied on Employer's inducement, innocently allowing the three-year statute of limitations to run.[19] The Board's application of the doctrine is improper because the record does not show that Claimant was lulled into a false sense of security concerning the processing of his claim.[20]

Claimant testified that Employer sent him for an examination in March 1990 to determine whether Claimant's work-related injury had recurred.[21] Claimant, however, was never told that his claim would be approved nor did Claimant testify that he would have acted in a different manner if Employer did not send him for a medical review in March 1990.

The Board also relied upon the testimony of Susan Dolan, a workers' compensation processor for Employer, who allegedly informed Claimant that as early as January 1990, she would process the necessary documents for the recurrence of Claimant's work-related injury. Again, our review of Ms. Dolan's testimony does not rise to the level of proving equitable estoppel. Ms. Dolan testi-

---

properly applied to this case as a Section 434 issue cannot be waived. *Steibing*, 665 A.2d at 868.

17. *See also Williams v. Workmen's Compensation Appeal Board (Realty Services Co.)*, 166 Pa. Cmwlth. 276, 646 A.2d 633 (1994) and *Fahringer, McCarty & Grey, Inc. v. Workmen's Compensation Appeal Board (Green)*, 107 Pa.Cmwlth. 597, 529 A.2d 56 (1987).

18. Clear and convincing evidence is evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue. *In re Pekarski*, 536 Pa. 346, 639 A.2d 759 (1994). *See also In re Matter of Sylvester*, 521 Pa. 300, 555 A.2d 1202 (1989).

19. We note that the referee, if the Board does not take any additional evidence, is the ultimate fact-finder and the Board can make no additional findings of fact unless additional evidence is taken. *Continental Insurance Co. v. Workmen's Compensation Appeal Board (Ortiz)*, 151 Pa. Cmwlth. 183, 616 A.2d 732 (1992). In this case, the Board took no additional evidence and therefore can make no additional findings of fact. However, the Board found that Claimant was instructed by Ms. Dolan in January, 1990 that Claimant should be entitled to partial disability payments because of a recurrence of his work-related injury. However, our review of the referee's findings of fact from both his opinions reveals no such finding or conclusion. As a result, the Board erred in making this finding.

20. It is clear that when a claimant is led to believe that his claim is going to be processed and is "lulled into a false sense of security" based on employer's representation, the employer is estopped from availing itself of limitations provisions. *M. Gordon & Sons, Inc. v. Workmen's Compensation Appeal Board*, 14 Pa. Cmwlth. 288, 321 A.2d 396 (1974). *See also Palmer v. City of Pittsburgh and Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 526, 308 A.2d 179 (1973).

21. Claimant's testimony, in pertinent part:

Q. Okay. And, Mr. Porter's the individual that's currently in charge of workers' compensation; correct?
A. It was up until, I think, two days ago. They just terminated him, along with a couple other personnel down there.
Q. Do you know how long he was in charge of workers' comp?
A. I have no idea.
Q. And, you discussed this supplemental agreement and the light duty, and going back on comp with him?
A. This was discussed and phone calls were made ever since March of '90, what restrictions were supposed to come down through channels and never came.
Q. Did you discuss that?
A. Yes, all that.
Q. With Mr. Porter?
A. Yes.
Notes of Testimony (N.T.) of January 16, 1991 hearing or deposition at 10–11.

fied that Claimant was sent to Employer's physician for an examination, but that she did not remember making any representations about the likelihood of Claimant receiving any compensation for his alleged recurrence.[22]

Ms. Dolan's and Claimant's testimony is not sufficient to prove, by clear and convincing evidence, that Employer "induced" Claimant into believing his claim would be processed, thus convincing Claimant not to pursue his claim with the compensation authorities within the statutory period.

■■■■■ An employer's unintentional conduct can be held to invoke the doctrine of equitable estoppel;[23] however, our review of the record, specifically the aforementioned testimony, fails to rise to the level necessary to allow the application of equitable estoppel.[24] In this case Employer simply sent Claimant to a physician less than two months prior to the expiration of the limitation period of Section 434. Nothing exists in the record that Employer attempted to lure Claimant into thinking his claim would be processed and that he need not pursue any additional action.

We hold, therefore, that the evidence is insufficient as a matter of law to show that equitable estoppel is applicable in this case and that Employer is not estopped from asserting the statute of limitations.

Therefore, the decision of the Board is reversed.

### ORDER

AND NOW, this 29th day of January, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

22. Ms. Dolan testified in pertinent part:

Q. You subsequently got letters from Mr. Micolich and a Dr. Swanson which essentially verified that Mr. Myers had some residual problems relating to his work injury of 1987; would you agree with that?
A. Yes.
Q. On the basis of those letters, you determined that Mr. Myers [sic] claim, without taking into consideration the statute of limitations, for partial disability was a valid claim based on the medical information that you had available, correct?
A. Correct.
Q. Would you have communicated that to Mr. Myers before you had that supplemental agreement drawn?
A. I don't recall what I would have communicated to him verbally.
I know that I did call him to have him come in and sign the supplemental agreements, but as to what conversations might have taken place beforehand, I would not be able to recall at this time.
Q. Do you recall saying anything to the effect that when Mr. Myers came to see you, "Ron if your physical complaints are verified we will pay you the partial disability"?
A. No I can't recall that.
Q. Do you think that when you prepared the supplemental agreements, that Ron has physical complaints related to his work-related injury and has a partial disability?

A. I think I substantiated that supplemental agreement based on the fact that he had a loss of earnings.
Q. And that you were satisfied that loss of earnings was related to his work injury?
A. Yes, evidently at the time I felt so.
Q. And you never communicated that to Mr. Myers in any form?
A. I don't recall. I don't have anything in writing, again what I would have said verbally, I have no idea. I could have, I don't know.
N.T. of September 12, 1991 hearing at 16–17.

23. *Thorn v. Strawbridge & Clothier,* 191 Pa.Superior Ct. 59, 155 A.2d 414 (1959).

24. Various situations which give rise to the application of equitable estoppel include: an employer who tells a claimant that the papers have been filed and were being processed, *M. Gordon & Sons, Inc. v. Workmen's Compensation Appeal Board,* 14 Pa.Cmwlth. 288, 321 A.2d 396 (1974); various assertions to claimant by employer that an operation would be "taken care of," *Mucha v. M.L. Bayard & Co.,* 177 Pa.Superior Ct. 138, 108 A.2d 925 (1955); and an employer who substituted unemployment compensation payments for workmen's compensation payments, *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Krause),* 77 Pa.Cmwlth. 420, 465 A.2d 1342 (1983).