# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lucas,                                          :
                                    Petitioner         :
                                                       :
               v.                                      :     No. 2606 C.D. 2015
                                                       :     Submitted: September 30, 2016
Workers' Compensation Appeal                           :
Board (City of Sharon),                                :
                                    Respondent         :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                          FILED: December 20, 2016

This workers' compensation appeal involves a claim for benefits for cancer by a former firefighter. In particular, Robert Lucas (Claimant), petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board reversed an order of Workers' Compensation Judge Alfred Benedict (WCJ), which granted benefits under Section 108(r) of the Workers' Compensation Act (Act)[1] for prostate cancer caused by occupational exposure to known carcinogens during his employment as a firefighter. Ultimately, the Board determined Claimant untimely filed his claim petition more than 600 weeks after his last date

---

[1] Act of June 2, 1915, P.L. 736, as amended, added by the Act of December 6, 1972, P.L. 930, 77 P.S. §27.1(r). Section 301(c)(2) of the Act, 77 P.S. §411(2), provides that the term "injury" as used in the Act shall include an "occupational disease" as defined in Section 108 of the Act. The Act of July 27, 2011, P.L. 251, commonly known as Act 46, amended Section 108 to include: "(r) Cancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer." 77 P.S. §27.1(r).

of employment with exposure to hazards of the disease. For the reasons that follow, we affirm.

## I. Background
## A. Medical-Only Claim Petition

In May 2012, Claimant filed a medical-only claim petition averring he sustained prostate cancer as of January 5, 2000 as a result of direct exposure to IARC (International Agency for Research on Cancer) Group I carcinogens while working as a firefighter for the City of Sharon (Employer). Claimant sought payment of all medical expenses related to his work injury. Employer filed an answer denying Claimant's averments.

## B. Evidence

Based upon a review of the extensive evidence presented by both parties, the WCJ granted Claimant's claim petition, noting the medical evidence supported his determination. Claimant, who was 61 years old at the time of the WCJ's 2012 hearing, testified on his own behalf. He joined Employer's Fire Department in November 1976. Claimant retired in March 2000. When hired, Claimant underwent a physical. Claimant had no restrictions and was not treating for any type of cancer. Thereafter, Claimant underwent yearly physicals and was never treated for any type of cancer.

During his more than 23 years as a firefighter, Claimant probably responded to over 400 fires. While fighting fires, Claimant suffered exposure to

2

various toxic substances, including Group 1 carcinogens. Claimant last fought a fire in February 2000.

Claimant's treating physicians first diagnosed Claimant with prostate cancer in October 2009. Reproduced Record (R.R.) at 30. At the time of the WCJ's July 2012 hearing, Claimant was still being treated for cancer. R.R. at 33.

In support of his claim petition, Claimant submitted reports and deposition testimony from Dr. Barry L. Singer (Claimant's Expert), a physician board certified in internal medicine, hematology and medical oncology. Claimant's Expert reviewed Claimant's treatment records and Claimant's affidavit regarding his occupational history and exposure. Ultimately, Claimant's Expert opined that Claimant's occupational exposure to Group 1 carcinogens while working for Employer was considerable and constituted a substantial contributing factor in the development of Claimant's prostate cancer. R.R. at 115.

In response to Claimant's evidence, Employer submitted the deposition testimony of Dr. Tee L. Guidotti (Employer's Expert), a physician board certified in internal medicine, pulmonary medicine and occupational medicine. R.R. at 240-42. Employer's Expert opined there is insufficient evidence to support a conclusion that, as a matter of general causation, firefighting causes prostate cancer. Id. Therefore, Employer's Expert did not offer an opinion as to the specific causation of any firefighter's prostate cancer. R.R. at 297.

3

## C. Claim Petition Granted

Ultimately, the WCJ found Claimant's Expert's opinions and conclusions more credible and persuasive than those of Employer's Expert. Consequently, the WCJ granted Claimant's claim petition for medical benefits. WCJ's Op., 10/02/14, at 53-54. In support of his decision, the WCJ credited Claimant's testimony regarding the frequency and duration of exposure to carcinogens while fighting fires, and that those carcinogenic substances would remain on his gear and his skin for several days after fighting a fire. Id. The WCJ also credited IRAC studies noting statistically significant increases in testicular, brain and prostate cancers among firefighters. Id.

## D. Board's Reversal

On appeal, the Board reversed on the basis that Claimant failed to file a timely claim. In so doing, the Board recognized that Section 301(f) of the Act,[2] 77 P.S. §414, requires that a claim for benefits under Section 108(r) of the Act be filed within 600 weeks of the last date of employment with exposure to hazards of the disease. Here, the Board reasoned (with emphasis added):

> It is undisputed that Claimant last fought a fire in February, 2000 and was presumably last exposed to the hazards of the disease at that time. Giving him the benefit of the doubt, he last worked as a firefighter and was exposed to the hazards of the disease on March 31, 2000, as he testified he retired in March 2000. He did not file his Claim Petition until May 18, 2012, which is 633 weeks after March 31, 2000. As it was not made within 600 weeks, his claim was not timely and the WCJ therefore erred in failing to dismiss the Claim Petition.

---

[2] Added by the Act of July 7, 2011, P.L. 251.

4

> Given our disposition, we need not address [Employer's] remaining challenges to the WCJ's determination.

Bd. Op., 12/19/15, at 8-9.

The Board also rejected Claimant's argument that even assuming Section 301(f) creates a limitation on the time in which a firefighter diagnosed with cancer has to file a claim petition, the discovery rule applies and therefore extends the time for filing until the claimant learns, by a competent medical diagnosis, that his disability is work-related. See Price v. Workmen's Comp. Appeal Bd. (Metallurgical Resources), 626 A.2d 114 (Pa. Cmwlth. 1993). To that end, the Board reasoned:

> While an argument can be made that [Section 301(f)] demands that an action be brought within a certain period of time, it makes no reference to Section 315 [of the Act, 77 P.S. §602] and, when read in its entirety and in the context of legislative history, we believe that at its core it provides a 600-week window in which a claimant has a right to file a claim for a Section 108(r) disease. In other words, it limits potential liability by restricting the period during which a cause of action may arise and an action may commence. We believe that like a statute of repose, at the end of the period specified, the cause of action ceases to exist. Unlike a statute of limitations, the expiration period limits the remedy and extinguished the right of a claimant to benefits in the first place. [Sharon Steel Corp. v. Workmen's Comp. Appeal Bd. (Myers)], 670 A.2d 1194 (Pa. Cmwlth. 1996).

Bd. Op. at 8.

5

Accordingly, the Board reversed the WCJ's order granting Claimant's medical-only claim petition. Claimant petitions for review.[3]

## II. Issues

Claimant presents two issues for our review. First, Claimant contends the Board erred in misinterpreting Section 301(f) of the Act, 77 P.S. §414, as requiring that a firefighter file a claim petition within 600 weeks of his last occupational exposure in order to claim benefits under Section 108(r) of the Act. Second, Claimant asserts, even assuming Section 301(f) creates a limitation on the time in which a firefighter diagnosed with cancer has to file a claim petition under Section 108(r), the discovery rule applies and therefore extends the time for filing.

## III. Discussion

### A. Relevant Statutory Provisions; <u>Sladek</u>

To begin, we note Section 301(c) of the Act, as amended by Act 46, pertinently provides (with emphasis added):

> (1) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, <u>except as provided under subsection (f)</u>, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury
> ….

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. <u>Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)</u>, 81 A.3d 830 (Pa. 2013).

6

(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act. Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring <u>within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease</u> …. The employer liable for compensation provided by … <u>section 108</u>, subsections (k), (l), (m), (o), (p), (q) or <u>(r)</u>, shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. …

77 P.S. §411(2).

Act 46 also amended Section 108 and added Section 301(f) of the Act. Section 108, which lists compensable occupational diseases, now includes (with emphasis added):

(r) <u>Cancer</u> suffered by a firefighter <u>which is caused by exposure to a known carcinogen</u> which is recognized as a Group 1 carcinogen by the [IARC].

77 P.S. §27.1.

Section 301(f) of the Act applies specifically to claims for compensation for cancer suffered by a firefighter and caused by direct exposure to certain carcinogens while performing firefighter duties. Section 301(f) provides (with emphasis added):

7

> Compensation pursuant to cancer suffered by a firefighter shall only be to those firefighters who have served four or more years in continuous firefighting duties, who can establish direct exposure to a carcinogen referred to in section 108(r) relating to cancer by a firefighter and have successfully passed a physical examination prior to asserting a claim under this subsection or prior to engaging in firefighting duties and the examination failed to reveal any evidence of the condition of cancer. The presumption of this subsection may be rebutted by substantial competent evidence that shows that the firefighter's cancer was not caused by the occupation of firefighting. … Notwithstanding the limitation under subsection (c)(2) with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under section 108(r) may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of the disease. The presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.

77 P.S. §414.

In City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek), 144 A.3d 1011 (Pa. Cmwlth., 2016) (*en banc*), we vacated an award of benefits under Section 108(r) for malignant melanoma contracted by a firefighter based on the Board's misinterpretation of the language in that provision. In Sladek, we determined the Board misinterpreted Section 108(r) as indicating the General Assembly established a causal relationship between any Group 1 carcinogen and any type of cancer. We noted the Board erroneously reasoned that

8

the claimant need not show exposure to a particular carcinogen in Group 1 or establish the carcinogens to which he was exposed specifically caused his malignant melanoma. See Sladek, 144 A.3d at 1021.

To the contrary, we observed, the General Assembly placed the words *caused by* between *cancer suffered by a firefighter* and exposure to a known Group 1 carcinogen for a reason. Therefore, a claimant must prove his cancer is caused by the Group 1 carcinogens to which he was exposed in the workplace. Id. If the claimant can establish his cancer is an occupational disease under Section 108(r), then the rebuttable presumptions in Sections 301(e) and (f) come into play. Id.

Further, in Sladek we reasoned that the presumption of causation in Section 301(e)[4] of the Act relieves the firefighter of the need to prove his workplace exposure rather than some other reason caused his cancer. If the firefighter can establish four years of continuous service and the absence of cancer prior to that service, he is entitled to compensation under Section 301(f). Sladek, 144 A.3d at 1020.

Accordingly, we vacated the Board's order in Sladek and remanded for a determination as to whether the claimant's medical evidence established that

_____

[4] Section 301(e) of the Act, 77 P.S. §413, which applies to occupational diseases generally, provides (with emphasis added):

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive.

9

melanoma is a type of cancer caused by the Group 1 carcinogens to which the claimant suffered a work-related exposure.

## B. Claimant's Contentions

In the case at bar, Claimant contends the Board erred in interpreting the provisions of Section 301(f) of the Act to require that a claimant, in order to claim benefits under Section 108(r) of the Act, must file a claim petition within 600 weeks of his last occupational exposure to a hazard of the disease. Claimant asserts the Board's interpretation is inconsistent with the language in Sections 108(r), 301(c)(2), 301(e) and 301(f) of the Act and absurdly restricts a firefighter's ability to make an occupational disease claim in comparison to every other listed occupational disease.

More specifically, Claimant asserts Act 46 placed cancer suffered by firefighters caused by occupational exposure to carcinogens on Section 108's list of occupational diseases compensable under Section 301(c)(2) of the Act. Section 301(c)(2) requires that an occupational disease must "occur" or manifest within *300 weeks of the last date of the claimant's exposure to the hazard*. 77 P.S. §411(2). The newly added Section 301(f), Claimant argues, modified the 300-week manifestation period by extending it to 600 weeks. Claimant further argued that the rebuttable presumptions of causation in Section 301(e) and compensability in Section 301(f) are available for firefighters with a claimable disease diagnosed within 300 weeks of their last work-related exposure to carcinogens.

10

Claimant further argues the Supreme Court rejected the Board's interpretation of the 300-week manifestation period in Section 301(c)(2) of the Act as requiring that a claim petition be filed within that time period. See City of McKeesport v. Workers' Comp. Appeal Bd. (Miletti), 746 A.2d 87 (Pa. 2000) (proper focal point under Section 301(c)(2) is whether the occupational disease occurred within 300 weeks of the claimant's last exposure, regardless of when the claim was filed). To that end, Claimant asserts, the three-year statute of limitations in Section 315 of the Act, 77 P.S. §602, does not begin to run in occupational disease cases until the claimant learns, by a competent medical diagnosis, that his disability is work-related. Price.

Turning to the present case, Claimant argues that if the Board's erroneous interpretation of the 600-week period in Section 301(f) is correct, a firefighter diagnosed with cancer will be the only employee diagnosed with an occupational disease listed in Section 108 of the Act to be denied access to the discovery rule. However, Claimant asserts there is no language in Section 301(f) denying firefighters access to the discovery rule.

Therefore, Claimant maintains a proper reading of the language in Sections 301(c)(2) and 301(f) of the Act indicates the legislature intended that a firefighter may claim benefits for a disease diagnosed within 600 weeks of his last occupational exposure to a Group 1 carcinogen, regardless of the date the claim petition is filed. However, to claim the rebuttable presumption of compensability in Section 301(f), the disease must be diagnosed within 300 weeks of such exposure.

11

Here, Claimant's doctors first diagnosed Claimant with prostate cancer in 2009, plainly within 600 weeks (approximately 11.5 years) of his last work exposure to IARC Group 1 carcinogens in February or March 2000. Moreover, Claimant did not receive a medical report from his Expert relating his cancer to his fire service until May 4, 2012. Therefore, Claimant argues the Board erred in denying him access to the discovery rule and in reversing the WCJ's decision.

## C. Analysis

Claimant's appeal is one of a series of appeals to this Court involving occupational disease claims under Section 108(r) of the Act for cancer allegedly contracted as a result of exposure to certain carcinogens as a firefighter. As discussed above, in Sladek, an *en banc* decision, we vacated an award of benefits under Section 108(r) for malignant melanoma contracted by a firefighter based on the Board's misinterpretation of the language in the Act 46 amendments. In short, we determined the Board misinterpreted Section 108(r) as indicating the General Assembly established a causal relationship between any Group 1 carcinogen and any type of cancer. In particular, we noted the Board erroneously reasoned that the claimant need not show exposure to a specific carcinogen in Group 1 or establish the carcinogens to which he was exposed specifically caused his malignant melanoma. Accordingly, we remanded for a determination as to whether the claimant's medical evidence established that melanoma is a type of cancer caused by the Group 1 carcinogens to which the claimant suffered a work-related exposure.

12

Following Sladek, this Court filed decisions in Hutz v. Workers' Compensation Appeal Board (City of Philadelphia), 147 A.3d 35 (Pa. Cmwlth., 2016) and Demchenko v. Workers' Compensation Appeal Board (City of Philadelphia), ___ A.3d ___ (Pa. Cmwlth., No. 2164 C.D. 2015, filed October 26, 2016), affirming the denial of Section 108(r) claims for compensation for prostate cancer allegedly caused by exposure to carcinogens as a firefighter. In Hutz and Demchenko, the claimants failed to establish a causal relationship between their prostate cancer and their occupational exposure as a firefighter to Group 1 carcinogens.

Notably, in Sladek, Hutz and Demchenko we also addressed and rejected arguments similar to Claimant's primary arguments here. We determined: Section 301(f) of the Act requires that a claim petition be filed (a) within 300 weeks of the claimant's last occupational exposure to a Group 1 carcinogen for the presumption of compensability to apply; (b) within 600 weeks of the claimant's last occupational exposure to a Group 1 carcinogen for the claim to be compensable; and, (c) that the discovery rule, applicable to the three-year statute of limitations in Section 315 of the Act, does not extend those respective filing periods in Section 301(f).

Of greater relevance here, in Fargo v. Workers' Compensation Appeal Board (City of Philadelphia), ___ A.3d ___ (Pa. Cmwlth., No. 2239 C.D. 2015, filed October 11, 2016), we addressed and rejected the precise issues raised in the present appeal. In Fargo, the WCJ dismissed the claimant's claim petition seeking benefits under Section 108(r) for several cancers on the basis that the claimant filed

13

the petition more than 600 weeks after his last day of work (the last day he could have been exposed to a Group 1 carcinogen in the workplace).

On appeal, the Board affirmed. We summarized the Board's reasoning in Fargo as follows:

> The Board rejected the argument by [c]laimant that the 600-week period referred to in Section 301(f) was merely an extension of the 300-week manifestation period of Section 301(c)(2) of the Act, 77 P.S. § 411(2), which only requires that the symptoms of the disease manifest within 300 weeks. The Board held that differences in the language of these two provisions showed that the General Assembly did not intend in Section 301(f) to simply enlarge the manifestation period to 600 weeks for Section 108(r) occupational disease cases but instead created an independent deadline for a claimant who seeks to file a Section 108(r) claim. Addressing [c]laimant's argument that if Section 301(f) does not extend the 300-week manifestation period of Section 301(c)(2) to 600 weeks it should be interpreted as a statute of limitations as to which the discovery rule applies, the Board determined that, because the 600-week period of Section 301(f) was triggered by a specific event independent of the accrual of a remedy – namely the last day of exposure to a workplace hazard – Section 301(f) acted as a statute of repose rather than a statute of limitations. Therefore, the Board rejected the application of a discovery rule to Section 301(f), holding that this provision by its plain language acts to permanently extinguish the Section 108(r) claim upon the running of 600 weeks.

Fargo, ___ A.3d at ___, Slip Op. at 6-7 (emphasis added).

Citing our rationale in Hutz, we affirmed the Board's interpretation of Sections 301(c)(2) and 301(f) of the Act. More specifically, we agreed that the

14

General Assembly enacted a distinct limitations period in Section 301(f), which mandates that an occupational disease claim under Section 108(r) be filed within 600 weeks of the last date of workplace exposure to a Group 1 carcinogen. We reasoned:

> First, Section 301(f) sets itself apart from Section 301(c)(2) by providing that '[n]otwithstanding the limitation under [Section 301(c)(2)] that disability or death resulting from an occupational disease having to occur within' 300 weeks of the last date of workplace exposure. 77 P.S. § 414 (emphasis added). Section 301(f) next provides that 'claims filed pursuant to ... section 108(r) may be made within' 600 weeks of the last date of workplace exposure. Id. (emphasis added). The language is echoed in the last sentence of Section 301(f) that '[t]he presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.' Id. (emphasis added). Section 301(c)(2), by contrast, provides that when occupational disease is the basis for compensation under the Act, the Act 'shall apply only to disability or death resulting from such disease and occurring within' 300 weeks of the last date of workplace exposure. Thus, by [its] plain text, the limitation period of Section 301(f) requires that claims 'be made,' or filed, within 600 weeks while Section 301(c)(2) requires that the disability or death that is the basis for the claim for compensation is 'occurring,' or manifesting, within 300 weeks.

Fargo, ___ A.3d at ___, Slip Op. at 8-9 (footnote omitted). In short, we recognized that the key difference between the limitations periods in Sections 301(c)(2) and 301(f) is not the date upon which the periods start, but rather what must take place before the periods end. Id. In the case of Section 301(c)(2), disability or death from the disease must occur within 300 weeks. Id. In the case of Section 301(f),

15

the claimant must file the claim within 600 weeks of the last date of workplace exposure to a Group 1 carcinogen.  Id.

Further, we determined this approach was consistent with our rationale in Hutz, wherein we held that the date of filing of the claim was determinative as to the applicability of the 300-week presumption of compensability in Section 301(f).  We then summarized the requirements of Section 301(f)'s two-tiered limitations period for Section 108(r) occupational disease claims as follows:

> First, a claimant must file the claim within 300 weeks of the last date of work with exposure to a known Group 1 carcinogen; if the claimant fails to do so, he is not foreclosed from bringing a claim by Section 301(f), but he loses the statutory presumption of Sections 301(e) and 301(f).  However, if the claimant does not file the claim until more than 600 weeks after the date of last workplace exposure, the claimant is foreclosed from bringing that claim in its entirety.

Fargo, ___ A.3d at ___, Slip Op. at 10-11.

We also *rejected* Claimant's contention that if Section 301(f) requires a claim under Section 108(r) be filed within 600 weeks of the last date of workplace exposure, then it is subject to a discovery rule to extend the time for filing.  In brief, we agreed with the Board that the 600-week period in Section 301(f) acts as a statute of repose and is not subject to the discovery rule, which applies to the three-year statute of limitations in Section 315 of the Act, 77 P.S. §602.  See Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach), 883 A.2d 579, 588 n.11 (Pa. 2005) (a statute of repose, unlike a statute

16

of limitations, is substantive rather than procedural and extinguishes both the remedy and the cause of action; thus, a statute of repose may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute).

In Westinghouse, the Supreme Court noted that a statute of repose typically sets a triggering event as something other than the point at which the cause of action arises. In Section 301(f), the triggering event is not the date of injury or disability, but rather the claimant's last day of work with exposure to a known carcinogen. Fargo. As such, a diagnosis or knowledge that a condition is work-related is irrelevant to the triggering event of the Section 301(f) limitations period, which is the last date of workplace exposure. Id. Therefore, once 600 weeks elapse from the date of the claimant's last workplace exposure, the claimant's cause of action ceases to exist.[5] Id.

For these reasons, we discern no error in the Board's determination that Claimant's claim petition, filed more than 633 weeks after his last day of work as a firefighter for Employer, was untimely filed. Accordingly, we affirm the Board's order reversing the WCJ's order granting Claimant's claim petition.

ROBERT SIMPSON, Judge

---

[5] Notably, in Section 108(r) cases, the discovery rule could still toll the statute of limitations in Section 315 where the claimant is not aware of the possible work-related nature of his cancer, provided the claim is filed prior to the expiration of the 600-week period in Section 301(f).

17

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Lucas,                                 :
                 Petitioner    :
                                        :
            v.                               :    No. 2606 C.D. 2015
                                          :
Workers' Compensation Appeal          :
Board (City of Sharon),                      :
                 Respondent    :

## **O R D E R**

**AND NOW**, this 20th day of December, 2016, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

<br>

                                      _____
                                      ROBERT SIMPSON, Judge