547 A.2d 491

Ann Moltz, Petitioner *v.* Workmen's Compensation Appeal Board (McDonald's Corporation), Respondents.

Submitted on briefs February 4, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Leonard E. Price,* for petitioner.

*Matthew R. Wimer, Reale, Fossee & Ferry, P.C.,* for respondents.

OPINION BY SENIOR JUDGE KALISH, September 12, 1988:

Claimant, Ann Moltz, seeks review of an order of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's decision to deny benefits to her. We reverse.

The claimant worked as a bookkeeper for a franchisee of McDonald's Corporation. On May 4, 1981, she was injured when she fell down a flight of stairs, located on the franchisee's property. She sustained numerous back, body, head, and leg injuries. She filed a claim against McDonald's for workmen's compensation, and received total disability compensation, pursuant to a Notice of Compensation Payable from May 5, 1981, through June 1, 1981, on which date she returned to work and signed a final receipt.

Thereafter, the franchise was terminated, relating back to McDonald's Corporation. The claimant continued working for McDonald's, and on June 1, 1982, her duties were changed from those of a bookkeeper to those of a McDonald's crew person and waitress. She continued to experience severe pain in her legs, body, and head. The claimant filed a petition to set aside the final receipt in March of 1984. In this petition, she alleged that her disability, caused by her compensable injury of May 4, 1981, was in existence and continued after the final receipt was signed.

The referee found from claimant's testimony that her work changed from a bookkeeper to a waitress. Her symptoms, which had started with her fall, became increasingly severe until she had to leave work on September 22, 1983. The claimant testified that she has not been able to work since this time. The referee found claimant's testimony to be credible.

At the hearing before the referee, claimant presented the testimony of Dr. Joseph W. Krotec, who has been claimant's family doctor for many years. He testified that, as a result of the neurological and physical examinations that he performed, it was his professional opinion that claimant was suffering from concussion syndrome and multiple traumatic muscle problems of her muscular system. Notes of Testimony (N.T.) at 10.

Dr. Krotec was asked:

Q. Doctor, with reasonable medical certainty have you any opinion as to whether the fall which she sustained in May of 1981 had any relationship to what you found in your examination of September the 26th?

Dr. Krotec answered:

A. I feel with a reasonable degree of medical certainty that the fall was the cause of her post concussion syndrome and her other complaints. N.T. at 10.

Dr. Thomas C. Hohmann, a physician certified in the specialty of physical medicine and rehabilitation, testified for the employer. He opined that, based on the physical examination that he performed on the claimant and the x-ray films, the fall which occurred on May 4, 1981, aggravated a pre-existing pathology. N.T. at 19.

The referee accepted claimant's testimony as credible, and found that claimant had not fully recovered from her compensable injuries of May 4, 1981, when she signed her final receipt. Based on the record, this finding is supported by substantial evidence.

However, the referee found that claimant has *not* shown that her injuries have disabled her from performing the job of bookkeeper, which she was doing at the time of her injury of May 4, 1981. The referee's finding, as affirmed by the Board, that it was incumbent upon claimant to prove that she could not perform her job as a bookkeeper, which she was doing at the time of her original injury, was in error.

The hearing before the referee was for the purpose of determining whether the final receipt should be set aside. In order to be entitled to the relief sought, all claimant had to show was that some disability still existed at the time she signed the final receipt. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food*

*Services Co.),* 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984).

Since the referee and the Board found that claimant had not fully recovered from her compensable injuries of May 4, 1981, when she signed her final receipt, the original compensation agreement automatically revived and restored the parties to their original position. It was as if the final receipt had never been signed. Therefore, the burden of proof shifted to the employer to show that compensation under the original agreement should be reduced or suspended. *Taylor v. Workmen's Compensation Appeal Board (Doylestown Township),* 108 Pa. Commonwealth Ct. 642, 530 A.2d 975 (1987).

If the employer wants to change the character of the disability, it must file a petition to modify or suspend, and present proof to show a change in the nature of claimant's disability. *Keystone Bakery, Inc. v. Workmen's Compensation Appeal Board (Lack),* 88 Pa. Commonwealth Ct. 111, 488 A.2d 668 (1985).

Here, the employer has not filed such a petition. All the employer did in its answer to the claim petition was to deny that the work-related injury continued after the final receipt.

In the absence of such a petition, to address such issue was an error. The fact that claimant did not prove that she was disabled from performing her work as a bookkeeper, at the time of her injury, was not relevant.

Accordingly, the order of the Board is reversed.

ORDER

Now, September 12, 1988, the order of the Workmen's Compensation Appeal Board, No. A-91769, dated July 10, 1987, is reversed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I dissent. The referee in this case did three things. First, he found that Claimant continued to be disabled

at the time she signed the final receipt. Therefore, he set it aside effective June 1, 1981. Second, he suspended payments beginning on that same date. He did so because, although Claimant continued to be medically disabled, that disability had not manifested itself in a loss of earning power and, hence, Claimant was not legally disabled. *See Luciani v. Workmen's Compensation Appeal Board (Brockway Glass Co.)*, 103 Pa. Commonwealth Ct. 623, 520 A.2d 1256 (1987). Third, the referee determined that Claimant's initial injury disabled her as of September 22, 1983 from performing *waitress* duties. But because these were not the duties she was doing at the time of her injury and because he found no medical evidence that Claimant could not continue to do her time of injury duties, *i.e.*, bookkeeping duties, he denied her relief.

The referee's determination was proper as it is clear that the focus for determining disability must be upon time of injury duties. *See Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 98 Pa. Commonwealth Ct. 56, 510 A.2d 896 (1986). If Claimant wants relief the proper avenue is to petition to lift the suspension at which time she would need to prove that her disability continued and that she could not do her bookkeeping work because the position had been eliminated. *See Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985). Employer would then be obligated to show work availability. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Alternatively, Claimant could petition for modification and demonstrate an increase in disability and show that her disability related to her "regular employment," *i.e.*, her original injury, and that it prevented her from doing her time of injury job. *H.B. Sproul*

*Construction Co. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 413, 421 n.8, 431 A.2d 1143, 1147 n.8 (1981). But where, as here, Claimant has not demonstrated an inability to perform her time of injury job, benefits were properly suspended. Therefore, I would affirm the order of the Board.