**Kathleen SHEPHERD, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP-
PEAL BOARD (McLAUGHLIN),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1996.

Decided Nov. 18, 1996.

John D. Miller, Jr., York, for petitioner.

James A. Stapleton, Reading, for respondent.

Before McGINLEY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Kathleen Shepherd petitions this Court for review of a Workmen's Compensation Appeal Board (Board) order affirming a referee's decision denying her petition to set aside a final receipt pursuant to the applicable provisions of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4.

The referee found as fact that, on May 13, 1977, Shepherd suffered a work-related left knee injury for which Bowen McLaughlin–York (employer) issued a notice of compensation payable. The parties also executed a supplemental agreement. On November 9, 1979, Shepherd signed a final receipt that provided she had returned to work on November 5, 1979. In this last regard, the referee specifically found:

7. Claimant, upon return to work on November 5, 1979, presented to the company nurse, Anita Wright, a certificate from Dr. Nachtigall which indicated "light work".

8. Additionally, the Claimant indicated to the company nurse she wore a knee brace which was evidence [sic] on sight.

9. Anita Wright informed Traveler's Insurance of the Claimant's return to work and her work restrictions.

10. Traveler's Insurance, after being informed of all circumstances, forward [sic] a Final Receipt to the Employer's company nurse.

11. Anita Wright, the company nurse, called Claimant to her office on November 9, 1992 [sic].[1]

12. Claimant never read the "pink piece of paper" prior to signing.

13. Claimant believed the pink piece of paper only acknowledged receipt of her

---

**1.** This is an obvious typographical error; the date was November 9, *1979.*

final check but did not read what she was signing.

14. Anita Wright cannot recall any statements she made to Claimant.

(Footnote added).

The referee also found that, in October 1984, Shepherd had filed a claim for an October 1982 aggravation of her original work injury; that she never told her then counsel about signing the pink piece of paper; and that he never asked her how her last claim had ended. Shepherd filed her petition to set aside a final receipt on January 8, 1992. (*See* Referee's Findings of Fact Nos. 1–17, May 12, 1993, pp. 2–3).

Further, the referee concluded, *inter alia,* that Shepherd had experienced a loss in wages from August 16, 1979 to November 5, 1979 and for three days after May 13, 1977 due to her original work-related injury; the three-year time limit for filing a set aside petition applied; and Shepherd did not show that the employer and insurer had committed fraud. (*See* Referee's Conclusions of Law Nos. 3–5, May 12, 1993, p. 3).[2]

On appeal, the Board affirmed the referee's decision denying Shepherd's petition, but did so on other grounds. The Board decided that Shepherd had met her burden of proving that the final receipt should be set aside, because she convinced the referee she had not completely recovered from her work injury. Nevertheless, the Board determined that her petition was untimely because it was not filed within five hundred weeks of her return to work, citing as authority *Bellows v. Workmen's Compensation Appeal Board (Shabloski),* 663 A.2d 267 (Pa.Cmwlth.1995), *appeal denied,* 544 Pa. 614, 674 A.2d 1076 (1996).

■ Shepherd now comes before us, arguing that the employer fraudulently obtained a final receipt; therefore, the three-year time limitation for setting aside a final receipt no longer applies, and she could bring this action at any time. Alternatively, she asserts that, if a time limitation does apply, because the employer's fraud effectively voided the final receipt, she had five hundred weeks

from the day she discovered or reasonably should have discovered the fraud to file for benefits,[3] also rendering her claim timely.

Section 434 of the Act, 77 P.S. § 1001 provides:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own motion, if it be shown that all disability due to the injury in fact had not terminated.

We explained in *Auerbach v. Workmen's Compensation Appeal Board (Auerbach),* 80 Pa.Cmwlth. 301, 471 A.2d 596, 598 (1984) (emphasis added) that "[t]he time period provided by Section 434 is an absolute bar to the right to obtain additional compensation and courts may not extend the period *unless the claimant proves that the receipt was procured by means of fraud, intentional or unintentional deception, or other improper action of the employer."* See also *Crawford v. Workmen's Compensation Appeal Board (Peugot Contracting),* 134 Pa.Cmwlth. 89, 577 A.2d 966, 968 (1990).

As previously set forth, the referee in this case found that the employer and its insurer did not behave fraudulently toward Shepherd. The referee reached this conclusion even though she also found the employer's nurse had informed the insurer of Shepherd's work restrictions before it forwarded a final receipt, and that Shepherd did not read what she was signing and believed that the pink piece of paper merely recognized receipt of her last check.

In *Crawford,* a case cited by both parties, the claimant filed a modification petition

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

3. *See* Section 306(b) of the Act, 77 P.S. § 512 in conjunction with Section 413 of the Act, 77 P.S. § 772.

which the referee considered as a petition to set aside a final receipt. The claimant also filed a specific loss claim. The referee found that the insurer knew the claimant continued to suffer from a work-related disability and he had not resumed work, yet it "badgered" the claimant until he eventually signed the final receipt. The referee decided that the insurer acted fraudulently in preparing the final receipt and in providing it to the claimant to sign. We noted that, despite his having signed the final receipt, the claimant did not seem to know what it meant. This Court then stated:

> We conclude, that when an insurance company prepares a final receipt signifying that the claimant has recovered from his injuries and regained his full earning power, knowing that the claimant is still disabled, and the claimant signs without knowing the significance of the final receipt, the insurance company's actions constitute fraudulent conduct, warranting that such final receipt be set aside.

*Id.*, 577 A.2d at 969.

Given our determination in *Crawford*, we hold that, based on the facts as the referee found them, she should have concluded as a matter of law that the employer and/or its insurer behaved fraudulently toward Shepherd.

■ Of course, the next question is what, if any, time limitation applies given the fraudulent procurement of the final receipt, and the many years that have passed since the receipt was executed. Our research has uncovered no case precisely on point, but, even so, we believe the reasoning of David B. Torrey and Andrew E. Greenberg to be sound when they write in § 12.66 of *Pennsylvania Workers' Compensation: Law and Practice* (1995), "[t]he principle applied with

regard to the final receipt is one of estoppel. Accordingly, the three-year limitation should recommence after a fraudulent procurement when the claimant knows, or reasonably should know, of the fraud."

In a footnote to the above statement, the authors cite this Court's case of *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa.Cmwlth. 233, 471 A.2d 169 (1984), *affirmed*, 510 Pa. 283, 507 A.2d 388 (1986). We stated there:

> The concept of estoppel to plead the bar of the statute of limitations, as it has developed through years of jurisprudence, now clearly embraces the view that the limitations period should not run against those who are not aware, and could not reasonably be charged with knowledge, that they have been misled....
>
> The "discovery rule," applicable to medical malpractice actions, is a closely related application of estoppel principles where fraud or deception, intentional or otherwise, may cause a potential plaintiff to fail to file a claim within the statutory period. That doctrine provides that "where the existence of an injury cannot be reasonably ascertained, the statute of limitations does not begin to run until such time as the injury's existence is known or discovered, or becomes knowable or discoverable by the exercise of reasonable diligence." *DeMartino v. Albert Einstein Medical Center, Northern Division*, [313] Pa. Superior Ct. [492], [498–499], 460 A.2d 295, 298 (1983), quoting *Petri v. Smith*, 307 Pa. Superior Ct. 261, [269], 453 A.2d 342, 346 (1982).

*Dudley*, 471 A.2d at 172.

It is clear, then, that if Shepherd did not file her petition to set aside the final receipt within three years of when she knew or reasonably should have known of the employer's fraud that her petition is time-barred.[4, 5]

---

4. For these reasons and others, we reject the Board's reliance on *Bellows* to dismiss Shepherd's petition to set aside the final receipt. The issue there was "when the period of limitations begins to run on a reinstatement petition when there is no documentary evidence of a formal termination or suspension of the claim but Claimant did not receive compensation after he returned to work at no loss of wages." *Id.*, 663 A.2d at 267. In the end, we concluded that the employer was entitled to a suspension of the claimant's benefits as of the date the claimant returned to work with no loss of earnings.

Moreover, because the claimant in that case had not filed his reinstatement petition within five hundred weeks from the date his benefits were suspended as required under Section 413 of the Act, we upheld the Board's order disallowing the reinstatement petition. In *Bellows*, however, there was no evidence that the claimant had signed a final receipt, so that case is obviously distinguishable from the one now at bar.

5. As well, in *Hartung v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 49 Pa.Cmwlth.

Naturally, here, the question remains when exactly did Shepherd know, or by reasonable diligence—for example—in pursuing her interim claim—should she have known of the employer's fraud?

▪ Consequently, we vacate the Board's decision and remand this case to the Board for remand to the referee (now Workers' Compensation Judge) for findings of fact and conclusions of law regarding when Shepherd knew, or reasonably should have known, of the employer's fraud, and whether Shepherd's petition is barred by the three-year limitation period. Because of the long lapse of time and the fact that this record reveals that Shepherd returned to work in 1979 without any loss of wages, the employer may choose to file, if it desires, an appropriate petition to suspend, modify or terminate the benefits which might accrue to Shepherd as a result of any grant of the set aside petition. *See Moltz v. Workmen's Compensation Appeal Board (McDonald's Corporation)*, 119 Pa.Cmwlth. 354, 547 A.2d 491, 492 (1988), *appeal denied*, 521 Pa. 632, 558 A.2d 533 (1989) and *appeal denied*, 521 Pa. 632, 558 A.2d 533 (1989).

## ORDER

AND NOW, this 18th day of November, 1996, the order of the Workmen's Compensation Appeal Board, No. A93–1493, dated May 6, 1996, is hereby vacated and the case is remanded to the Board for remand to the Workers' Compensation Judge for findings of fact and conclusions of law consistent with this opinion.

Jurisdiction Relinquished.

240, 410 A.2d 1301 (1980), we explained that

section 413 has no applicability to final receipts.