**Harriet COLLIER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TAYLOR HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1998.
Decided Sept. 18, 1998.
Reargument and Reconsideration
Denied Nov. 10, 1998.

*Deitch,* 417 Pa. at 213, 209 A.2d at 402 (emphasis added).

Thomas More Holland, Philadelphia, for petitioner.

Brian M. Matejek, King of Prussia, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Harriet Collier (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming a decision of the workers' compensation judge (WCJ) to grant Claimant's petition to review compensation benefits and to deny Claimant's penalty petition. The WCJ further denied Taylor Hospital's (Employer) petition to review Claimant's medical treatment. We affirm.

On April 12, 1991, while employed as a Central Transporter with Employer, Claimant sustained a tear of the plantar fascia of the right foot, for which she received benefits pursuant to a Notice of Compensation Payable (NCP). On April 2, 1992, Employer filed a petition to modify Claimant's benefits, alleging that Claimant had recovered sufficiently to return to work and that Employer had a job available as a Receptionist/Patient Greeter that Claimant could perform. Subsequently, Claimant filed a claim petition, alleging that she sustained an injury to her left knee while in the course of her employment with Employer on July 4, 1990. The petitions were consolidated and, after reviewing the record, the referee[1] issued an order, dated August 20, 1993, denying Claimant's claim petition and granting Employer's modification petition, thus reducing Claimant's benefits from $268.02 per week to $79.02 per week as of March 24, 1992.[2] Claimant ap-

pealed; however, both the WCAB and this court affirmed the referee's decision, by orders dated March 29, 1994 and January 24, 1995, respectively.

On December 3, 1993, while Claimant's appeal from the August 20, 1993 order modifying her benefits was pending, Claimant filed a petition to review compensation benefits, seeking to expand the NCP to include a psychiatric disability causally connected to her foot problem; additionally, Claimant filed a petition for the imposition of penalties against Employer. In these petitions, Claimant alleged, *inter alia*, that Employer improperly discontinued paying for Claimant's treatment with psychologist Suzanne Bralow, Ph.D., who, at Employer's suggestion, was treating Claimant for the psychogenic component of Claimant's April 12, 1991 work-related injury. (R.R. at 26A–28A.) Employer filed an answer denying Claimant's allegations; moreover, on March 31, 1995, pursuant to section 306(f.1) of the Workers' Compensation Act (Act)[3], Employer filed a petition to review the reasonableness and necessity of the medical treatment rendered to Claimant by Dr. Bralow. (R.R. at 38A.) Claimant's and Employer's petitions were consolidated before the WCJ.

Claimant testified on her own behalf, describing her emotional state following her 1991 work-related injury. She indicated that, because of the way Employer treated her after the work injury, she is now so anxious and angry that she is unable to interact with people and cannot work even in a light duty capacity.[4] Claimant also pre-

1. Evidence relating to Employer's modification petition and Claimant's claim petition was considered prior to the effective date of the 1993 amendments to the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, §§ 1–1041.4; 2501–2626. Under those amendments to the Act, referees are now referred to as workers' compensation judges.

2. With respect to Claimant's claim petition, the referee rejected Claimant's testimony that she suffered a July 4, 1990 employment injury and, instead, accepted the testimony of Dr. Barbara Shelton that Claimant's left knee condition was a result of arthritis and was not work-related. The referee also credited Dr. Shelton's opinion that Claimant had recovered from her work-related right foot injury to the extent that she could return to sedentary employment and that the

Receptionist/Patient Greeter position which Employer offered to Claimant fell within that category. In addition, the referee credited the testimony of Fran Cipollini, Employer's Director of Human Resources, that, on March 24, 1992, Employer notified Claimant of an available position as a Receptionist/Patient Greeter in Employer's Hospitality Department paying $9.45 per hour for 30 hours per week. Consequently, the referee found that Claimant was capable of earning $283.50 per week as of March 24, 1992 and modified Claimant's benefits accordingly.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

4. Claimant indicated that, rather than allow her to recuperate fully, Employer rushed her back to

sented the deposition testimony of Dr. Bralow, who diagnosed Claimant as suffering from a general anxiety disorder [5] related to her physical condition and from a borderline personality disorder [6] which was not work-related but, rather, had developed over time. (R.R. at 99A, 102A–03A.) Dr. Bralow stated that Claimant continues to display an extremely high level of anxiety and, psychologically, could not succeed at performing any job. (R.R. at 104A–06A, 124A–27A.) However, Dr. Bralow also testified that Claimant's remaining out of work actually contributes to her psychological disability. (R.R. at 119A, 128A.)

In support of its position, Employer offered deposition testimony from psychiatrist Timothy J. Michals, M.D., who evaluated Claimant in April of 1994 at the request of Employer's insurance carrier. Dr. Michals stated that he obtained a full history from Claimant about her work injury and subsequent problems, he reviewed the reports from Claimant's other physicians, including Dr. Bralow, and he performed his own clinical examination of Claimant. Based on this evaluation, Dr. Michals diagnosed Claimant as suffering from an anxiety disorder, a depressive disorder of the dysthymic pattern, which is a low-grade depression, and a borderline personality disorder. (R.R. at 154A–55A.) Dr. Michals opined that Claimant's anxiety and depressive disorders occurred as a result of her work-related injury, but that her personality disorder was developmental

in nature and, thus, not related to her employment. (R.R. at 155A.) Dr. Michals further testified that, although Claimant had these psychiatric conditions, they were not disabling, and, on a psychiatric basis, Claimant could perform both in her former position as a Transporter and in a less physically demanding position. Although, on cross-examination, Dr. Michals conceded that Claimant may have some problems interacting with the public, he did not feel that she was disabled from performing a job that entailed such involvement. (R.R. at 156A–61A.)

After consideration of the evidence, the WCJ made the following relevant credibility determinations and findings.

8. The Claimant, Harriet Collier, is credible and convincing that since her employment injury in 1991, she has considered suicide and finds herself crying a lot. The Claimant is credible and convincing that she feels as if she has no self-confidence and is unable to concentrate on even minimal tasks. The Claimant is credible and convincing that she continues to treat with Dr. Bralow and that she was referred to Dr. Bralow from the Employees' Health Department.

9. Dr. Suzanne Bralow, Psychologist, is credible and convincing that she first examined the Claimant, Harriet Collier, on December 11, 1991. Dr. Bralow is credible and convincing that Claimant suffers from anxiety, a generalized anxiety disorder and

light duty work only a few days after her injury. Claimant stated that she had loved her prior job with Employer but, as a result of being returned to work prematurely, she became extremely angry with Employer and began to have trouble concentrating and difficulty interacting with, and taking orders from, people at work. In addition, her attitude affected her sleeping and eating patterns. (R.R. at 69A–74A, 80A–83A.) Claimant testified that she first saw Dr. Bralow in December of 1991 at the suggestion of the Employee Health Nurse at work. (R.R. at 67A–69A.) Claimant stated that, at that point, she hated Employer and her work environment, she cried often and contemplated suicide and she lacked confidence and trusted no one, becoming anxious around people and even snapping at family members. (R.R. at 69A–74A.) Claimant stated that she lived across the street from Employer and that she could barely stand to look at the building; in fact, she felt that she wanted to blow it up. (R.R. at 74A.)

5. Dr. Bralow stated that the criteria for a diagnosis of anxiety disorder include "excessive anxiety and worry, a kind of catastrophicizing about events, that they feel shakiness, that there's motor tension, restlessness, fatigueability, perhaps heart palpitations, lightheaded, feeling very keyed up, inability to concentrate and very irritable." (R.R. at 99A–100A.)

6. Dr. Bralow testified that the criteria for personality disorders include "a shifting into depression quickly, with intense anger—in other words, an unstable affect – suicide ideation, an unstable self image, pessimism, alternating between dependency and self-assertion, intense interpersonal relationships, either going from extremes of feeling very positive about someone to extremes of feeling very, very negative." (R.R. at 100A–01A.)

as being a border line personality disorder. Dr. Bralow is credible and convincing that Claimant's personality disorder would not be related to her employment injury because this condition is caused by a way of thinking and a way of organizing one's life and that this condition develops over time. Dr. Bralow is credible and convincing that the Claimant's generalized anxiety disorder certainly seems to be related to her physical condition.

10. Dr. Bralow is not convincing that Claimant's psychological disorder prevents the Claimant from returning to the modified job offered to her by the Defendant which resulted in the Claimant's compensation benefits being modified by a Court Order of August 20, 1993.

11. Timothy J. Michals, M.D., is credible and convincing that he examined the Claimant, Harriet Collier, on April 25, 1994. Dr. Michals is credible and convincing that as a result of his review of the history related to him by the Claimant as well as a clinical evaluation, he determined within a reasonable degree of psychiatric certainty, that the Claimant suffered from an anxiety disorder, a depressive disorder and a border line personality disorder. Dr. Michals is credible and convincing that based on this evaluation he thought that the anxiety and depressive disorders had occurred as a result of her employment-related injury. However, the personality disorder was developmental in nature, meaning it's a result of who she was biologically in her early life experiences and neither related to her employment.

12. Timothy J. Michals, M.D., Psychiatrist, is credible and convincing that based on a psychiatric evaluation, the Claimant is not disabled.

13. The Claimant suffers from anxiety disorder and depressive disorder that is related to her employment injury to her right foot on April 12, 1991.

14. The Defendant shall be responsible for the payment of Claimant's psychologi-

cal treatment that was reasonable, necessary and related to her April 12, 1991 employment injury.

(WCJ's Findings of Fact, Nos. 8–14, R.R. at 45A–47A.)

Based on these findings, the WCJ concluded that Claimant sustained her burden of proving that she suffered a psychological component related to her physical injury of April 12, 1991 and that Employer failed to prove that it was not responsible for Dr. Bralow's treatment of Claimant. Accordingly, the WCJ granted Claimant's petition to review compensation benefits and denied Employer's petition to review medical treatment. However, because the WCJ found that Claimant was not disabled by her psychological problems, the WCJ determined that this decision did not affect the previous order of August 20, 1993 reducing Claimant's benefits. Finally, the WCJ determined that Claimant failed to show that Employer violated the terms of the Act and, thus, the WCJ also denied Claimant's penalty petition. The WCAB affirmed and Claimant now appeals to this court.[7]

On appeal, Claimant argues that all of the record evidence in this case indicates that, as of March 24, 1992, Claimant was disabled from working as a Receptionist/Patient Greeter for Employer due to her work-related psychological condition, and, thus, the WCJ's finding to the contrary is not supported by substantial evidence. In support of this argument, Claimant initially notes that the WCJ specifically found that Claimant suffered from work-related anxiety and depressive disorders. (WCJ's Findings of Fact, No. 13; WCJ's Conclusions of Law, No. 2.) Although Claimant concedes that the WCJ also found that Claimant was not disabled by her psychological condition as of March 24, 1992, (WCJ's Findings of Fact, No. 12; WCJ's Conclusions of Law, No. 4), Claimant reasons that the WCJ improperly based this finding on Dr. Michals' incompetent testimony. Claimant recognizes that the WCJ accepted Dr. Michals' opinion that Claimant's psychological condition was not disabling over the opinion of Dr. Bralow that,

7. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings of fact are supported by substantial evidence. *Lowe v. Workmen's Compensation Appeal Board (Pennsylvania Mines Corp.)*, 683 A.2d 1327 (Pa.Cmwlth.1996).

as of March of 1992, Claimant's work-related psychological injuries prevented her from working as a Receptionist/Patient Greeter for Employer; however, Claimant points out that Dr. Michals did not examine Claimant until April 25, 1994. Because Dr. Michals' evaluation took place more than two years after Employer offered Claimant the job as a Receptionist/Patient Greeter, Claimant maintains that Dr. Michals' opinion, although determined to be credible, was not competent with respect to Claimant's psychological state in 1992.

■ In response to Claimant's argument, Employer asserts that Claimant is clearly attempting to relitigate the modification petition and, in doing so, incorrectly places the burden of proof on Employer, in the context of Claimant's petition to review benefits, to establish that, as of March 24, 1992, all of

Claimant's work-related disability, *including its psychogenic component*, had changed to the point where Claimant was capable of working as a Receptionist/Patient Greeter. We agree that Employer might have borne this burden in the prior proceeding when Employer sought to modify Claimant's benefits.[8] However, in this case, it is Claimant who has filed a petition to review benefits, seeking to amend the NCP to include a psychiatric component of her acknowledged physical injury and, through the inclusion, to have her benefits restored from partial disability to total disability.[9] Thus, it is Claimant that bears the burden of proving that she sustained a work-related psychological disorder which prevented her from performing the Receptionist/Patient Greeter job offered by Employer.[10]

In order to meet her burden, Claimant presented the testimony of Dr. Bralow which,

8. An employer seeking to modify benefits on the basis that the claimant has recovered some or all of his or her ability to work must first produce medical evidence of a change in condition. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The employer must then show evidence of a referral to an open job that fits within the category for which the claimant has been given medical clearance. *Id.* Further, when a work-related injury has a psychogenic component, the employer has the burden of establishing that all of the employee's disability, including the psychogenic portion, has ceased or changed. *See County of Dauphin v. Workmen's Compensation Appeal Board (Davis)*, 136 Pa.Cmwlth. 140, 582 A.2d 434 (1990), *appeal denied*, 528 Pa. 614, 596 A.2d 160 (1991).

In affirming the grant of Employer's modification petition, this court considered Claimant's argument that Employer did not satisfy its burden entitling it to modification because it did not establish that the psychiatric component of Claimant's work-related injury had ceased or changed. However, we concluded that, because the referee never determined that the injury to Claimant's foot contained a psychogenic component, Employer could not be required to prove that such a condition ceased or changed.

9. In *AT & T v. Workers' Compensation Appeal Board (Hernandez)*, 707 A.2d 649 (Pa.Cmwlth. 1998), we noted that the Act makes no provision for a claimant to amend a NCP to include any additional injury or disability that was not specifically admitted to by the employer at the time it initially issued the NCP. However, because Employer raised no objection to Claimant's inappropriate filing, we will consider Claimant's petition as filed pursuant to the appropriate section of the Act. *Id.*

10. Although recognizing that the claimant ordinarily bears the burden in such cases, Claimant maintains that, under the facts of the current case, it is proper to revisit the WCJ's earlier decision modifying Claimant's benefits and, now that the work-relatedness of Claimant's psychiatric disorders finally has been adjudicated, place on Employer the burden it previously avoided in the modification proceeding, i.e., to establish a cessation or change in Claimant's psychiatric condition that would enable her to perform the Receptionist/Patient Greeter job. We disagree.

Claimant asserts that placing the burden of proof on Employer is the only equitable approach here because, during the modification proceeding, Employer knew all about Claimant's psychological injury and was fully aware that it was work-related, as evidenced by the fact that Employer initially referred Claimant to Dr. Bralow and received Dr. Bralow's reports concerning Claimant. Thus, Claimant contends that this case is really no different from the facts in *Shepherd v. Workmen's Compensation Appeal Board (McLaughlin)*, 685 A.2d 245 (Pa.Cmwlth.1996).

In *Shepherd*, an employer issued an NCP acknowledging the claimant's work-related knee injury. The employer subsequently prepared a final receipt for the claimant to sign despite knowing that the claimant was still partially disabled by her work injury. Further, although the claimant signed the final receipt, she did not read what she was signing and believed the document merely to be an acknowledgement of her benefit check. Some time later, the claimant filed a petition to set aside the final receipt; however, the referee determined that the claimant's petition was time barred because it was filed beyond the three-year period provided for such petitions under the Act, and the claimant

if believed in its entirety, would have been sufficient to satisfy Claimant's burden. However, although accepting Dr. Bralow's opinion that Claimant's anxiety disorder was connected to her work-related physical problems, the WCJ rejected Dr. Bralow's testimony that Claimant's psychological disorder prevented her from performing the modified job provided by Employer.[11] Instead, the WCJ credited Dr. Michals' opinion to the contrary and, although we recognize that Dr. Michals did not examine Claimant until well after Employer offered the Receptionist/Patient Greeter position to Claimant, that fact is irrelevant where Claimant is the burdened party and failed to produce credible evidence to meet that burden.

 Because the WCJ here rejected Dr. Bralow's opinion that Claimant was disabled from employment as a Receptionist/Patient Greeter due to her work-related psychological disorder, Claimant simply could not fully satisfy her burden of proving entitlement to total disability benefits. Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of September, 1998, the order of the Workers' Compensation Appeal Board, dated January 5, 1998, is hereby affirmed.

failed to show that the time period should be extended by establishing that the employer procured the final receipt by means of fraud. On appeal, we determined that, based on the facts as found by the referee, the referee should have concluded as a matter of law that the employer behaved fraudulently toward the claimant, thereby extending the time period for filing such a petition.

Claimant contends that, like the employer in *Shepherd*, Employer here knew that Claimant was treating with a psychologist for various problems, including anxiety, distrust of others and inability to deal with people; however, Employer deliberately failed to acknowledge Claimant's work-related psychological disorders and, instead, offered Claimant the extremely inappropriate position as a Receptionist/Patient Greeter. We cannot agree that *Shepherd* controls here.

In *Shepherd*, the employer acknowledged that the claimant had a work-related knee injury and was aware that the claimant was still disabled by that injury when the employer prepared a final receipt for the claimant to sign. In contrast, Employer here, through its NCP, accepted responsibility only for Claimant's work-related foot injury. Merely because Employer recognized Claimant's need for psychological treatment does not mean that Employer also recognized Claimant's psychological disorders and accompanying medical treatment as causally connected to that foot injury. In fact, it is worth noting that both Dr. Bralow and Dr. Michals testified that a portion of Claimant's psychological problems stemmed from a non-work-related personality disorder of long standing. Further, unlike the claimant in *Shepherd*, who was unaware that she had signed a final receipt and, thus, could not be expected to know its significance, Claimant here, by her own admission, believed that her psychological disorders were work-related during the modification petition proceeding, yet failed to establish the relationship at that time.

11. In workers' compensation cases, the WCJ is the finder of fact with exclusive province over the credibility of witnesses and the weight to be accorded their testimony and, in that role, the WCJ may accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Werner v. Workmen's Compensation Appeal Board (Bernardi Brothers, Inc.)*, 102 Pa. Cmwlth. 463, 518 A.2d 892 (1986). Although we might have come to a different conclusion, we are not permitted, in our appellate role, to substitute our credibility determinations for those of the WCJ.